■ In the Matter of CHARLES SMITH, Appellant, v CITY OF NEW YORK et al., Respondents. [624 NYS2d 166] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered October 27, 1993, denying petitioner's motion for leave to settle judgment beyond the sixty day period set forth in Uniform Rules for Trial Courts (22 NYCRR) § 202.48, unanimously reversed, on the law and facts and in the exercise of discretion, and the motion granted, without costs or disbursements.

After petitioner was terminated as a sanitation worker, shortly before the end of his probationary period, he began this CPLR article 78 proceeding seeking recission of that determination and reinstatement to his former position. The Supreme Court found that there was no rational basis for the respondents' determination and found for the petitioner in a memorandum decision dated June 27, 1990, which directed the parties to "settle judgment". The decision was filed in the County Clerk's Office in September 1990. In September 1992, the petitioner's attorney, the Queens Legal Services Corporation, submitted a proposed judgment for signature by the court, but after opposition from the Corporation Counsel, petitioner was compelled to make a motion to settle the judgment late, which Queens Legal Services did in June 1993. The IAS Court denied this motion.

22 NYCRR 202.48 (b) reads: "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown". We find, in the exercise of our discretion, that counsel for petitioner, in the affidavit supporting the motion, did furnish "good cause" for the two year delay following the Judge's memorandum decision. This "good cause" included a multiple number of factors, including staff shortages, a legal services strike and dramatically increased workloads. It is true that under other, different circumstances, these factors might not constitute "good cause". However, we decline to apply this court rule to deny petitioner substantive justice, where it is apparent he never intended to abandon his claim, solely because of the shoddy legal work of his public service counsel (see, Matter of Village of Attica v Nutty, 184 AD2d 1057). Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Mazzarelli, JJ.