(June 29, 2000)

■ RICHARD S. CAMPBELL et al., Appellants, v ALAN YANOFF, Respondent. [710 NYS2d 65] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about April 13, 1999, which denied plaintiffs' motion to restore this action to the trial calendar after the action had been dismissed by the Clerk of the Court pursuant to CPLR 3404, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the action restored to trial calendar, provided defendant receives a new physical examination and deposition of plaintiff within 60 days of the date of this order.

This medical malpractice action was commenced in January, 1988 based upon treatment administered by defendant following a fall in which plaintiff Richard Stockton Campbell allegedly sustained a fracture of his right femoral bone. Plaintiff claims that defendant failed to have X-rays taken which would have revealed the fracture months before it was finally detected. Plaintiff subsequently underwent bone graft surgery and a complete hip replacement.

Later in 1988, plaintiff commenced a separate negligence action against others based upon workplace conditions which allegedly were unsafe and caused his initial personal injuries. Early in 1997, a motion was made by one of the defendants in the negligence action to consolidate it with this medical malpractice action. In March, 1997, this action was marked off the trial calendar with leave to be restored on notice to the malpractice defendant without further court order. In June, 1997, the consolidation motion was either withdrawn or orally denied. In October, 1997, the negligence action was marked off the trial calendar. This medical malpractice action was marked dismissed by the Clerk of Court at the end of April 1998 and within days of that dismissal, plaintiffs moved to vacate the dismissal and to restore this action to the trial calendar.

Plaintiffs' counsel explained then that it was his understanding that the two actions had been consolidated so that his time to move for restoration to the trial calendar was to have run from October, 1997. Plaintiffs' counsel stated, and it appears clear from the chronology of these related cases, that there was no intent to abandon this action. An affidavit of merit was also submitted in which plaintiffs' medical expert opined that the defendant should have taken X-rays and that his failure to do so resulted in several hip surgeries as well as severe psychological trauma and depression.

A party seeking to restore a case to the trial calendar follow-

ing a dismissal pursuant to CPLR 3404 is required to demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the matter (*Ramputi v Timko Contr. Corp.*, 262 AD2d 26, 27; *Nicholos v Cashelard Rest.*, 249 AD2d 187, 189). The IAS Court denied plaintiffs' motion to restore, finding that the affidavit of merit was insufficient, that plaintiffs took no action during 13 months immediately preceding the motion to restore, and that defendant had been prejudiced by a year-long break in discovery.

Plaintiffs' expert clearly articulated facts and opinions which, if believed, proved actionable medical malpractice by defendant in failing to obtain an X-ray, which failure led to subsequent hip surgeries and a complete replacement. Plaintiffs' counsel provided a reasonable excuse based on a misconception regarding the relationship between this and a related negligence action. Plaintiffs served discovery and opposed the consolidation motion within the year prior to the CPLR 3404 dismissal. Finally, we can discern no meaningful prejudice to defendant from the brief interruption in disclosure since we are providing for additional pretrial discovery in granting a new physical and deposition of plaintiff. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.