■ FLORENCIA BARTON, as Executrix of FEDERICO SANTOS, Deceased, Appellant, v EXECUTIVE HEALTH EXAMINERS et al., Defendants, and A.F. GOVONI et al., Respondents. [716 NYS2d 3] —Order, Supreme Court, New York County (Edward Lehner, J.), entered January 10, 2000, denying plaintiff's motion to vacate the dismissal of the complaint for failure to appear at an "old case calendar" conference, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the motion granted and the complaint reinstated. Appeal from order, same court and Justice, entered November 15, 1999, dismissing the action, unanimously dismissed, without costs, as taken from a non-appealable order.

In this medical malpractice action, it is undisputed that plaintiff did not receive notice of the conference at which the complaint was dismissed based on her failure to appear. At the time, plaintiff had a pending discovery motion to compel the

deposition of a party defendant. Plaintiff's counsel, who only learned of the dismissal in the opposition papers to the deposition motion, within two weeks thereafter moved to vacate the dismissal and to restore the case to the calendar. A sufficient affidavit of excuse was submitted, as well as a detailed physician's affidavit of merit. The IAS Court denied the motion for failure "to submit an affidavit demonstrating the existence of a meritorious cause of action." We reverse.

A party seeking vacatur of the dismissal of an action based on a default must demonstrate a reasonable excuse for the default and a meritorious cause of action. (*Abate v Long*, 261 AD2d 252.) In a medical malpractice action, an affidavit of merit by a medical expert is required. (*Saeed v Boulevard Hosp.*, 157 AD2d 654.) Here, both requirements have been met. Defendants' assertions of inadequacy as to the sufficiency of the affidavit of merit, never challenged before the IAS Court and raised for the first time on appeal, amount to no more than a quibble. In any event, the affidavit was more than sufficient to establish a meritorious cause of action as to all the defendants. It is not bare and conclusory. It specified the acts and omissions constituting the medical malpractice and indicated the causal relation thereof to the death of plaintiff's decedent. (*See, e.g., Ford v Empire Med. Group*, 123 AD2d 820.)

Accordingly, the complaint is reinstated. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Rubin and Buckley, JJ.