■ WILLIAM G. INDRUNAS et al., Appellants, v ESCHER CONSTRUCTION CORP. et al., Defendants, and PAN AM EQUITIES et al., Respondents. [716 NYS2d 10] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 18, 1998, which denied plaintiffs' motion to vacate a prior order, entered on or about February 13, 1996, dismissing the complaint pursuant to CPLR 3404 for failure to prosecute, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the complaint reinstated, conditioned upon plaintiffs' counsel paying defendants Pan Am Equities and Remark Electric Co. each $1,250 within 60 days of the date of this order.

Although plaintiffs failed to restore this action within one year after it was marked off the court's calendar (*see*, CPLR 3404), they demonstrated a meritorious cause of action, a reasonable excuse for the delay in seeking to restore the action to the calendar, a lack of intent to abandon the action, and a lack of prejudice to the opposing parties (*Zabari v City of New York*, 242 AD2d 15, 16). In this regard, we note that the affidavit of plaintiff William G. Indrunas, which, among other things,

indicated that he was severely injured when he fell into an unlit, unguarded elevator shaft, sufficiently demonstrated the merits of his claims.

As to the delay in moving to restore the action to the court's calendar, such delay resulted, in large part, from law office failure following the departure of the managing attorney of the law firm representing plaintiffs. While this supported a finding of neglect, it did not establish a willful default or an intent to abandon plaintiffs' action (*see, Salzano v Mastrantonio*, 267 AD2d 5). We perceive no prejudice to defendants resulting from the delay in restoring this action to the calendar.

Notwithstanding this, imposition of a condition to reversal is warranted under the circumstances of this case (*see, Salamone v Wyckoff Hgts. Med. Ctr.*, 273 AD2d 117). Concur—Sullivan, P. J., Nardelli, Saxe and Friedman, JJ.