■ CARLOS J. VELEZ et al., Respondents, v SEYMOUR MOSLIN ASSOCIATES, INC., et al., Appellants, et al., Defendants. SEYMOUR MOSLIN ASSOCIATES, INC., et al., Third-Party Plaintiffs, v MJM BUILDING SERVICE CORP., Third-Party Defendant-Appellant. [719 NYS2d 11] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about November 4, 1999, which, in an action for personal injury that was marked off a pre-note-of-issue calendar on or about April 17, 1996 upon the parties' failure to answer the calendar call, granted plaintiffs' motion to deem such marking off null and void, or, in the alternative, to allow disclosure to proceed, to the extent of restoring the action to the calendar, unanimously reversed, on the law, without costs, unless plaintiffs' counsel pays each counsel who perfected this appeal $750, for a total of $3,000, within 30 days from the date of this order, in which event, the order is unanimously affirmed, without costs, and failing which the Clerk is directed to enter judgment dismissing the complaint.

Contrary to plaintiffs' argument, the filing of a bankruptcy petition by one defendant stayed this action only as to that defendant, not the others (*see, CenTrust Servs. v Guterman*, 160 AD2d 416, 418), and thus the IAS Court had jurisdiction to mark the case off the calendar upon the failure of any party to answer the subsequent calendar call on April 17, 1996. Although plaintiffs' counsel's failure to respond to the calendar call is excusable, since it appears that none of the parties received notice thereof, his failure to move to restore until February 1999, nearly three years later, is not excusable. In this connection, a minimal amount of research would have revealed to counsel that he was mistaken in believing that one defendant's bankruptcy filing stayed the entire action. Even if counsel's belief concerning the scope of the bankruptcy stay were correct, he failed to seek any relief from the stay, failed to diligently monitor the bankruptcy case, and failed to make any effort to re-activate this litigation from August 1997, when he learned that the bankruptcy case was closed, until July 1998, when he requested that a discovery conference be scheduled, after which he finally learned that the case had been marked off in April 1996. In spite of the foregoing, we find that counsel's correspondence during the period of dormancy, inquiring about the bankruptcy and thereafter seeking to schedule a discovery conference, is sufficient to rebut the presumption that the action was abandoned (*see,* CPLR 3404). To avoid punishing plaintiffs for the mistakes of their counsel in a case where it does not appear that the opposing parties have been prejudiced by the additional increment of delay, we exercise our discretion to affirm on the conditions indicated. Concur—Nardelli, J. P., Tom, Lerner, Buckley and Friedman, JJ.