(October 4, 2001)

■ Samuel Palermo, Appellant, v Lord & Taylor, Inc., et al., Respondents. [730 NYS2d 508] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about August 8, 2000, which denied plaintiff's motion to restore his action to the pre-note-of-issue calendar and dismissed the complaint pursuant to CPLR 3404, unanimously reversed, on the law and the facts, with costs against defendant-respondent Frank

Branciforte d/b/a Plumbing Service Contracting Co., the motion to restore granted, and the action reinstated as against all defendants.

Plaintiff commenced this personal injury action in 1994 to recover for injuries he received on August 8, 1994, when he was struck by glass falling out of a window while he was walking by defendant Lord & Taylor, Inc.'s building in Manhattan. The initial complaint named Lord & Taylor, Inc. and Spectrum Construction Service, Inc. (Spectrum), a contractor working on the building on the date of the incident, as the only defendants. In November 1996, plaintiffs filed an amended summons and verified complaint adding Frank Branciforte d/b/a Plumbing Service Contracting Co. (Branciforte), a subcontractor of Spectrum, as an additional defendant. Process was served upon Branciforte on June 10, 1997.

Unbeknownst to counsel for any of the parties at the time, the action was marked "off calendar" on January 22, 1998 for failure of the attorneys to appear for a status conference. It is undisputed that none of the attorneys received notice that any conference or other proceeding would be held on January 22, 1998.

In March 1998, plaintiff moved for entry of a default judgment against Branciforte for failure to timely answer the amended complaint. The motion was withdrawn by stipulation of the parties in April 1998, and Branciforte subsequently served an answer.

The next activity in this action was a March 1999 motion by defendants Lord & Taylor and Spectrum to compel Branciforte's deposition. Plaintiff's counsel submitted an affirmation in support of the motion to compel. By order dated June 18, 1999, the IAS court denied the motion to compel Branciforte's deposition as moot due to the fact that "[t]his case was 'Marked Off' on 1/22/98." Counsel for Lord & Taylor and Spectrum served notice of entry of the order denying the motion to compel Branciforte's deposition on or about August 12, 1999. Plaintiff's counsel first learned that the action had been marked "off calendar" upon receiving notice of entry of this order.

It was not until June 12, 2000 that plaintiff moved to restore the action to the pretrial calendar. The record reveals that prior to making the motion, plaintiff's counsel consulted with the opposing law firms and each stated it would not oppose restoring the action to the calendar. However, Branciforte opposed the motion to restore on the grounds that he would be prejudiced by the passage of nearly six years since the accident occurred, and that plaintiff offered no excuse for having failed

to take any action to restore the action to the calendar for 10 months after his counsel learned that it had been marked "off."

By order dated July 21, 2000, the court denied plaintiff's motion to restore and dismissed the action pursuant to CPLR 3404. The court found that plaintiff failed to submit any excuse for the nearly one-year delay in moving to restore the action, and did not establish a lack of prejudice to defendants.

The motion court's denial of plaintiff's motion to restore the instant action to the pre-note-of-issue calendar was improper since plaintiff has demonstrated a meritorious cause of action, a reasonable excuse for the delay in seeking to restore the action to the calendar, a lack of intent to abandon the action, and a lack of prejudice to defendants (*Indrunas v Escher Constr. Corp.*, 277 AD2d 28). The submission of plaintiff's deposition transcript along with the bill of particulars was sufficient to establish a meritorious cause of action since a motion to restore only requires a minimal showing of the potential merit of the cause of action (*Enax v New York Tel. Co.*, 280 AD2d 294, 295). Further, since the action has merit and there is no prejudice to defendants, plaintiff should not be deprived of his right to have his cause of action decided upon the merits simply because of the lack of diligence of his counsel (*see, Enax v New York Tel. Co., supra*; *Velez v Moslin Assocs.*, 278 AD2d 164, 165; *Indrunas v Escher Constr. Corp., supra*; *Salzano v Mastrantonio*, 267 AD2d 5). Concur—Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.