■ SAFIRE WILLIAMS et al., Respondents, v FOREST CITY ALBEE SQUARE ASSOCIATES, L.P., et al., Appellants. [733 NYS2d 601] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about February 1, 2000, which granted plaintiffs' motion to vacate the dismissal of their action and to restore it to the trial calendar, unanimously affirmed, without costs.

The court properly exercised its discretion in granting plaintiffs' motion to restore since their papers establish that they have a meritorious cause of action; that they did not intend to deliberately abandon the case; that the conduct of their attorneys constituted a reasonable excuse for their delay in moving to restore; and that defendants have not been prejudiced (*see, Palermo v Lord & Taylor,* 287 AD2d 258). Concur—Sullivan, P. J., Nardelli, Ellerin, Rubin and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE WEBB, Appellant. [733 NYS2d 600] —Judgment, Supreme Court, New York County (Carol Berkman, J., on summary denial of *Wade* motion; Laura Drager, J., at jury trial and sentence), rendered January 4, 2000, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 6 to 12 years and 3 to 6 years, unanimously affirmed.

The verdict was not against the weight of the evidence. Credibility issues, including inconsistencies in testimony, were properly considered by the jury and we see no reason to disturb the jury's determinations. Evidence credited by the jury warranted the inference that the bag that defendant transferred to the codefendant was the same bag recovered by the police and found to contain drugs.

Upon our review of the minutes of both oral decisions rendered by the motion court, we conclude that summary denial of defendant's *Wade* motion was proper. The information before the motion court established either that there was no police-arranged confrontation at all, or that whatever confrontation may have occurred was a confirmatory police identification within the purview of *People v Wharton* (74 NY2d 921), and that there was no factual dispute requiring a hearing.

We perceive no basis for reduction in sentence. Concur— Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.