■ JO ANN ESTEVEZ et al., Respondents, v MORTON COLEMAN, M.D., Appellant. [791 NYS2d 4]—

Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered June 16, 2004, which, in an action for medical malpractice, granted plaintiffs' motion to settle an order restoring the action to the trial calendar upon condition that, inter alia, plaintiffs' attorney pay $200, and order, same court and Justice, entered August 10, 2004, which granted plaintiffs' cross motion to vacate a CPLR 3404 dismissal of the action and restore the action to the trial calendar, unanimously affirmed, without costs.

Plaintiffs show that after the action was marked off the calendar pursuant to stipulation, their original attorney withdrew, their second attorney was unable to engage an expert and mistakenly believed that the stipulation made the one-year limitation in CPLR 3404 inapplicable, and that they were at all times in regular communication with their attorneys and otherwise actively involved in the case. Plaintiffs also make a strong showing of merit. Nor do we perceive undue prejudice attributable to the delay since it appears that plaintiffs' proof of the acts constituting the alleged malpractice will for the most part consist of medical records and defendant's own testimony concerning his keeping of those records. Under the circumstances, the CPLR 3404 dismissal was properly vacated (*see Leonardelli v Presbyterian Hosp.*, 288 AD2d 105 [2001]; *Wynter v Our Lady of Mercy Med. Ctr.*, 3 AD3d 376, 378 [2004]). Plaintiffs' present attorney's subsequent failure to timely settle an order vacating the CPLR 3404 dismissal and restoring the action to the trial calendar (22 NYCRR 202.48) was properly excused in the absence of a showing of prejudice and upon the conditions that the attorney pay a sanction and plaintiffs serve updated medical authorizations (*cf. Matter of Smith v City of New York*, 213 AD2d 309, 310 [1995]). Concur—Mazzarelli, J.P., Saxe, Ellerin, Williams and Sweeny, JJ.