■ Sylvia Kaufman, Appellant, v Joel J. Bauer, M.D., et al., Respondents. [830 NYS2d 23]—

Order of the Appellate Term of the Supreme Court, First

Department, entered May 23, 2005, which reversed an order of the Civil Court (Eileen Rakower, J.), entered October 23, 2003, which had granted plaintiff's motion to restore the action to the trial calendar, and dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated and the action restored to the trial calendar.

Pursuant to Uniform Rules for New York City Civil Court (22 NYCRR) § 208.14 (c), "[a]ctions stricken from the calendar may be restored to the calendar only upon stipulation of all parties so ordered by the court or by motion on notice to all other parties, made within one year after the action is stricken."

Notwithstanding this time limitation, courts have discretion to grant a restoration motion brought more than one year after the case is stricken from the calendar provided the movant demonstrates (a) the merits of his/her claim; (b) a lack of prejudice to the opposing party or parties; (c) a lack of intent to abandon the action; and (d) a reasonable excuse for the delay (*see Williams v A&S Dept. Store*, 5 Misc 3d 140[A], 2004 NY Slip Op 51665[U] [2004] [citing CPLR 3404]; *Mester v Cattani*, 4 Misc 3d 132[A], 2004 NY Slip Op 50714[U] [2004]). All four requirements must be met before a dismissal pursuant to CPLR 3404 can be vacated (*Katz v Robinson Silverman Pearce Aronsohn & Berman*, 277 AD2d 70, 74 [2000]).

It is well settled that, in a medical malpractice action, an affidavit of merit by a medical expert is required to demonstrate a meritorious action (*see e.g. Barton v Executive Health Examiners*, 277 AD2d 27, 28 [2000]). Nevertheless, the showing of merit required on a motion to restore is less than that required to defend a motion for summary judgment (*see Rugieri v Bannister*, 22 AD3d 299, 302 [2005], *affd in relevant part* 7 NY3d 742 [2006]; *Levy v New York City Hous. Auth.*, 287 AD2d 281 [2001]; *see also Palermo v Lord & Taylor*, 287 AD2d 258, 260 [2001] ["motion to restore only requires a minimal showing of the potential merit of the cause of action"]; *Enax v New York Tel. Co.*, 280 AD2d 294, 295 [2001]).

Plaintiff's expert's affirmation sufficiently established a meritorious cause of action. The expert's affirmation noted that the surgery was to repair "two very large, supraumbilical midline vertical hernias and one umbilical hernia"; that the discharge summary noted "only two hernias being observed at the time of surgery"; and that six days after plaintiff's surgery, Dr. Bauer recommended reperforming the surgery using surgical mesh. The expert then stated that Dr. Bauer departed from accepted medical practice in that he "failed to properly examine so as to ascertain the extent of abdominal defect; failed to

perform an adequate repair of multiple hernias; failed to perform a complete and adequate repair of multiple hernias requiring further surgery; failed to utilize proper surgical technique." The expert concluded that the failure to properly repair the three hernias was the proximate cause of plaintiff's abdominal wall prolapse and the necessity for further intervention. Thus, it is clear from the affirmation that, in the expert's view, Dr. Bauer's failure to detect and repair all three hernias constituted malpractice and was the proximate cause of plaintiff's injuries. Notably, there was no typewritten narrative of the surgery. Hence, as pointed out by the dissent at Appellate Term, plaintiff's expert was in no position to offer a more specific critique of Dr. Bauer's surgical technique. Moreover, contrary to the Appellate Term majority's suggestion, the expert's affirmation specifically attributed the acts of negligence to Dr. Bauer.

This Court has consistently recognized that law office failure may constitute a reasonable excuse for delay in moving to restore a case to the calendar (*see e.g. Muriel v St. Barnabas Hosp.*, 3 AD3d 419, 420 [2004]; *Werner v Tiffany & Co.*, 291 AD2d 305 [2002]). In particular, "a plaintiff should not be deprived of the important right to have his or her case decided on the merits because of law office failure, where . . . the complaint has merit and the other party cannot show prejudice" (*Enax v New York Tel. Co.*, 280 AD2d at 296; *Indrunas v Escher Constr. Corp.*, 277 AD2d 28, 29 [2000]; *Salzano v Mastrantonio*, 267 AD2d 5 [1999]).

In the instant case, counsel explained that her secretary who was in charge of tracking the case had fallen ill with cancer and that, due to the concomitant personnel changes, the one-year deadline was inadvertently missed. Moreover, counsel was laboring under the misapprehension that, because the case was marked off upon stipulation, the one-year deadline did not apply. Plaintiff sufficiently demonstrated law office failure to warrant an excuse of delay (*see Estevez v Coleman*, 15 AD3d 226, 227 [2005]; *Muriel v St. Barnabas Hosp.*, 3 AD3d at 420; *Werner v Tiffany & Co.*, 291 AD2d at 305 [2002]). Moreover, while the case has been protracted, the record does not demonstrate such a pattern of delay as to warrant rejection of plaintiff's excuse (*cf. Campos v New York City Health & Hosps. Corp.*, 307 AD2d 785, 786 [2003]). Discovery had been substantially completed, with only the echocardiogram outstanding, at the time the case was marked off the calendar on consent of the parties.

Finally, plaintiff refuted defendants' claim of prejudice based upon the unavailability of witnesses. Plaintiff showed that Dr.

Massen, the resident who assisted Dr. Bauer, was readily located in New Mexico and had indicated that he had no recollection of the surgery. Plaintiff pointed out also that Dr. Bauer testified to Dr. Massen's minimal role, which would have been to "retract, maybe tie some knots, you know, depends on the level—how good they are." As for Drs. Gelnert and Dr. Keel, they were not named defendants, and their names were in the caption of the case only as part of the title of defendant professional corporation.

While defendants argue that they are prejudiced "since memories fade over time," the mere passage of time does not establish prejudice (*Muriel v St. Barnabas Hosp.*, *supra*, 3 AD3d at 420; *Peterson v City of New York*, 286 AD2d 287, 289 [2001]; *Campbell v Yanoff*, 273 AD2d 166 [2000]), especially in a medical malpractice action where proof of the alleged malpractice will for the most part consist of medical records and the defendant's own testimony (*Estevez v Coleman*, *supra*). Finally, we find no evidence of record that evidences an intent to abandon the action. Concur—Tom, J.P., Saxe, Friedman, Catterson and McGuire, JJ. [*See* 8 Misc 3d 60 (2005).]