(March 18, 2010)

■ JULIETTE DEJOIE CADICHON et al., Appellants, v THOMAS FACELLE, M.D., et al., Respondents. [897 NYS2d 67]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered August 26, 2008, which denied plaintiffs' motion to vacate the dismissal of the action pursuant to CPLR 3216, af-

firmed, without costs. Order, same court and Justice, entered January 29, 2009, to the extent it denied plaintiffs' motion to renew, affirmed, without costs. Appeal from so much of the January 29, 2009 order as denied plaintiffs' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

It is well settled that to vacate the dismissal of an action dismissed pursuant to CPLR 3216, a plaintiff must demonstrate both a reasonable excuse for the failure to comply with the 90-day demand to serve and file a note of issue and a meritorious cause of action (*Walker v City of New York*, 46 AD3d 278 [2007]). Plaintiffs failed to offer a reasonable excuse for their failure to file the note of issue. Indeed, while plaintiffs contended that defendants' noncompliance with their discovery obligations was to blame, and that such noncompliance was preventing them from filing a note of issue, "[they] had [their] remedies during the lengthy period of general delay (CPLR 3124, 3126)" (*McDonald v Montefiore Med. Ctr.*, 60 AD3d 547 [2009]).

While we do not disagree with the dissent's conclusion that some of the delay was occasioned by defendants, our decision rests on the record and controlling law which required plaintiffs to take action. Once served with a 90-day demand, plaintiffs were required to either seek an extension to comply with the 90-day notice, move to vacate the same (*Brady v Benenson Capital Co.*, 2 AD3d 382, 382 [2003], *lv denied* 2 NY3d 702 [2004]) or file a note of issue (CPLR 3216 [b] [3]). Plaintiffs did none of these things and their case was thus properly dismissed. Subsequent to dismissal, vacatur required a quantum of proof which plaintiffs utterly failed to satisfy with their first motion, and which they were unable to cure with the their second motion.

Plaintiffs also impermissibly addressed the merits of their action for the first time on reply (*Migdol v City of New York*, 291 AD2d 201 [2002]; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625-626 [1995]; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]).

The excuse of law office failure offered on the motion to reargue and renew did not constitute a reasonable excuse (*Walker*, 46 AD3d at 280-281). Further, plaintiffs failed to explain why they failed to present the excuse of law office failure on the original motion.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., McGuire and Román, JJ.

Saxe and Manzanet-Daniels, JJ., dissent in a memorandum

by Manzanet-Daniels, J., as follows: I respectfully dissent. Plaintiffs demonstrated a reasonable excuse for their failure to comply with the court-issued 90-day demand, as well as a meritorious cause of action.

The record shows that the discovery delays in this consolidated action were occasioned principally by defendants. At the time the court sua sponte dismissed the action for failure to prosecute, the depositions of Dr. May and Dr. Facelle had yet to take place, and defendants had yet to designate a physician to perform an independent medical examination (IME) of the injured plaintiff, as they had been ordered to do on May 3, 2007. The so-ordered stipulation entered that day provided that the physician defendants were to appear for examinations before trial (EBTs) on or before June 26 and July 10, 2007, respectively, and that the hospital defendants were to designate representatives to appear for EBTs on or before August 21, 2007. Defendants were ordered to designate a physician to perform the IME and to conduct the IME by July 16, 2007. The so-ordered stipulations stated that there were to be no further adjournments of the IME and that defendant Dr. May was to appear by July 10, 2007, without adjournment. Plaintiff was directed to file the note of issue on or before December 27, 2007. Defendants provided none of the court-ordered discovery, despite warnings that there would be no further adjournments. A defendant who fails to comply with a plaintiff's legitimate discovery demands, and thus prevents the filing of the note of issue, cannot seek dismissal of a plaintiff's complaint for failure to file a note of issue in response to a "90-day demand" (see Donegan v St. Joseph's Med. Ctr., 283 AD2d 152 [2001]).

Since the discovery delays herein were caused by defendants, the case should not have been dismissed, even in the absence of a medical affidavit demonstrating the merit of the action (see Donegan, 283 AD2d at 153). In any event, the merit of the action was demonstrated, inter alia, through the affirmation of plaintiffs' physician, board certified in internal medicine and gastroenterology, who opined that plaintiff, during procedures performed in July 2002, suffered biliary injuries caused by deviations from standards of good and accepted medical practice by Dr. May and Dr. Facelle. Plaintiff's expert stated that Dr. May created a "surgical emergency" during a routine procedure by passing a wire and catheter through the distal common bile duct, rather than performing a sphincterotomy to extract a stone in the duct, as he had been directed to do by Dr. Facelle. The catheter passed by Dr. May perforated plaintiff's abdominal cavity, occasioning the "surgical emergency" and resulting in

numerous complications including blood loss, transection of the bile duct, hepatic necrosis, hyperbilirubinemia, acute renal insufficiency and hepatic encephalopathy. Plaintiff's expert further opined that rather than performing an immediate repair of the bile duct, Dr. Facelle should have "pursued non-operative drainage of the bile duct, drainage of the peritoneal cavity, and performed bile duct repair" at a later date when plaintiff's peritonitis had resolved. Plaintiff's expert opined that plaintiff's multiple subsequent hospitalizations and development of secondary biliary cirrhosis and sequelae were caused by the biliary injuries she suffered in July 2002, and opined that there was a high likelihood that plaintiff will require a liver transplant in the intermediate future. In his discharge summary, dated June 27, 2002, Dr. Facelle states, inter alia, that Dr. May passed the catheter "against [his] explicit instructions not to further probe the duct, but to stop with just doing a sphincterotomy," since Dr. Facelle was concerned about possible injury to the duct.*

On the motion to renew, counsel explained that the conference resulting in the May 3, 2007 so-ordered stipulation was handled by an "of counsel" attorney, and thus, the December 27, 2007 deadline set by the court for the filing of the note of issue was not entered into the firm's calendar system as would ordinarily be done. Counsel further stated that had he known about the deadline, he would have moved for an extension of time to file the note of issue and/or to strike defendants' answers based on defendants' failure to comply with discovery. I would hold that this failure to calendar the date was, under the circumstances, excusable law office failure (see Kaufman v Bauer, 36 AD3d 481 [2007] [deadline missed due to personnel change at law firm]; Werner v Tiffany & Co., 291 AD2d 305 [2002] [counsel misplaced calendar and in reconstructing commitments forgot deadline]), particularly given defendants' delays and plaintiffs' inability, as a direct result thereof, to certify that discovery was complete. While this case was decided before the effective date of the amendment to CPLR 205 (a), which provides that an action may not be dismissed under CPLR 3216 unless the judge sets forth "on the record the specific conduct constituting the neglect, which conduct shall demonstrate a

---

* It is true that the present record does not disclose an independent basis for the negligence of the hospital defendants. As plaintiffs note, however, they have not yet had the opportunity to depose representatives of the hospital defendants. In any event, the showing of merit required on a motion to restore or to vacate a default (to the extent such a showing is even required, since, as discussed supra, defendants failed to respond to plaintiffs' legitimate discovery demands and effectively prevented the filing of the note of issue) is minimal (see Palermo v Lord & Taylor, 287 AD2d 258 [2001]).

general pattern of delay in proceeding with the litigation," it is not without significance that plaintiffs did not engage in a pattern of neglect.

While I agree with the motion court that the better practice would have been for plaintiffs to have made a motion to compel discovery or for an extension of time to file the note of issue, the failure to take these steps should not result in dismissal of a meritorious cause of action. It is the long established public policy of this State to decide cases on their merits (*see Kaufman v Bauer*, 36 AD3d at 483).