[939 NE2d 138, 913 NYS2d 121]

JULIETTE DEJOIE CADICHON et al., Appellants, v THOMAS FACELLE, M.D., et al., Respondents.

Submitted August 6, 2010; decided October 26, 2010

### APPEARANCES OF COUNSEL

*Pollack, Pollack, Isaac & De Cicco*, New York City (*Brian J. Isaac* of counsel), for appellants.

*Martin Clearwater & Bell LLP*, New York City (*Stewart G. Milch* of counsel), for Thomas Facelle, M.D., respondent.

*Steinberg, Symer & Platt, LLP*, Poughkeepsie (*Ellen Fischer Bopp* of counsel), for Good Samaritan Hospital, respondent.

*McAloon & Friedman, P.C.*, New York City (*Gina Bernardi DiFolco* of counsel), for Montefiore Medical Center, respondent.

*Clausen Miller P.C.*, New York City (*Edwin M. Tobin* of counsel), for Louis May, respondent.

### OPINION OF THE COURT

MEMORANDUM.

The motion, insofar as it seeks leave to appeal from that portion of the Appellate Division order (71 AD3d 520 [2010]) that affirmed the August 26, 2008 Supreme Court order, treated as a motion for reconsideration of so much of this Court's July 1, 2010 order (15 NY3d 767 [2010]) as dismissed plaintiffs' appeal as of right from that portion of the Appellate Division order, should be granted, and, upon reconsideration, jurisdiction of so much of the appeal should be retained. The motion, insofar as it seeks leave to appeal from the above-recited part of the Appellate Division order should be dismissed as unnecessary. The motion, insofar as it seeks leave to appeal from the remainder of the Appellate Division order should be dismissed upon the ground that it does not finally determine the action within the meaning of the Constitution. The motion, insofar as it seeks leave to appeal from the amended judgment of Supreme Court pursuant to CPLR 5602 (a) (1) (ii), should be dismissed upon the ground that the portion of the Appellate Division order that affirmed the August 26, 2008 Supreme Court order is a final appealable paper from which an appeal was properly taken (*see* CPLR 5611). The appeal from the amended judgment should be dismissed, without costs, by the Court, on its own motion, upon the ground that the portion of the Appellate Division order that affirmed the August 26, 2008 Supreme Court order is a final

appealable paper from which an appeal was properly taken (see CPLR 5611).

In considering the finality limitation on its jurisdiction, this Court has consistently treated the automatic dismissal of an action pursuant to CPLR 3404, or pursuant to other statutes or court rules, as a final determination and it has treated any subsequent order denying a motion to vacate the dismissal as a nonfinal determination (see e.g. Paglia v Agrawal, 124 AD2d 793 [1986], lv dismissed 69 NY2d 946 [1987]). Accordingly, reading Supreme Court's order pursuant to CPLR 3216 in this case as providing that the complaint would be dismissed automatically upon plaintiffs' failure to file a note of issue by the date specified in the order, the Court dismissed for nonfinality the part of the appeal taken from the order affirming the denial of the motion to vacate (15 NY3d 767 [2010]). Upon reconsideration, it is recognized that Supreme Court's order is ambiguous as to whether it mandated a dismissal without further court order. Where, as here, it is not clear that the action was automatically dismissed by operation of statute, rule or court order, the order denying the motion to vacate shall be deemed the final appealable paper for purposes of this Court's jurisdiction. As the Appellate Division order denying the motion to vacate had a two-Justice dissent on a question of law, an appeal as of right pursuant to CPLR 5601 (a) properly lies.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.