■ ULISES CARABALLO, Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents. [933 NYS2d 278]—

In this action alleging medical malpractice, the court served plaintiff with a CPLR 3216 notice, directing him to file his note of issue within 90 days or face dismissal. Plaintiff subsequently obtained two extensions of time to file and while the first order referenced the court's original CPLR 3216 notice, the second, which granted an 85-day extension, stated only that "plaintiff

must file [the note of issue] on or before 9/30/08." Plaintiff failed to file or otherwise move prior to the last extension expiring, and, on September 30, 2008, the court sua sponte dismissed the action.

To vacate an order dismissing an action pursuant to CPLR 3216, "a plaintiff must demonstrate both a reasonable excuse for the failure to comply with the 90-day demand to serve and file a note of issue and a meritorious cause of action" (*see Cadichon v Facelle*, 71 AD3d 520, 521 [2010], *appeal dismissed* 15 NY3d 767 [2010]; *see Umeze v Fidelis Care N.Y.*, 17 NY3d 751 [2011]). Here, plaintiff failed to make any showing of merit.

Plaintiff also did not offer a reasonable excuse for his failure to file the note of issue. Plaintiff's purported reliance on an unnamed court employee's directive to "complete the discovery process then file [the] Note of Issue" is not a reasonable excuse (*see Frazzetta v P.C. Celano Contr.*, 54 AD3d 806, 809 [2008] [reliance on law clerk's view that compliance with deadlines was not mandatory not reasonable]). Moreover, plaintiff's claim that his failure to file a note of issue was caused by defendants' obstruction of efforts to obtain legitimate pretrial discovery, is unpreserved (*see Charest v K Mart of NY Holdings, Inc.*, 71 AD3d 471 [2010]). In any event, even assuming that defendants caused the delay, it was plaintiff's obligation to move for an extension of time (*see Cadichon* at 521).

Plaintiff's argument that each extension order must either reference the original notice or itself strictly comply with CPLR 3216 anew, is unpersuasive. It is enough that the original notice complied with the rule, giving plaintiff 90 days and explicitly advising him that dismissal would occur as a result of noncompliance. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Freedman, JJ.