Mediaradar, Inc. v Urbandaddy, Inc. (2024 NY Slip Op 51373(U))

[*1]

Mediaradar, Inc. v Urbandaddy, Inc.

2024 NY Slip Op 51373(U)

Decided on October 4, 2024

Civil Court Of The City Of New York, New York County

Malik, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 4, 2024
Civil Court of the City of New York, New York County

Mediaradar, Inc., Plaintiff(s),

against
Urbandaddy, Inc. d/b/a WWW.URBANDDADDY.COM, Defendant.

Index No. CV-025874-17/NY

Attorneys for Plaintiff
The Schutzer Group, PLLC
Eric Schutzer, Esq.
330 Seventh Avenue, 15th Fl
New York, NY 10001
Tel. (212)714-0700
Attorneys for Defendant
Lance Nemat Broumand, Esq.
900 Broadway
New York, NY 10003
Tel. (212)989-1555
 
Rena Malik, J.

Recitation, as required by CPLR 2219 (a), of the papers considered on this motion:
Papers Numbered
Notice of Motion, Affirmation in Support & Exhibits 1-2
Upon the foregoing papers, plaintiff moves pursuant to CPLR 3404, 2004, 2005, and/or 5015 to vacate the order rendered on default denying plaintiff's motion to strike defendant's answer and for summary judgment.[FN1]

Plaintiff commenced the instant action seeking damages for, inter alia, breach of contract, on November 13, 2017. Defendant served an answer, asserting a counterclaim on or about May 10, 2018. The parties failed to appear for the Court's dismissal calendar and the action was dismissed on September 13, 2019. Without moving to restore the case in the first instance, plaintiff moved on November 23, 2020 seeking to strike defendant's answer and for summary judgment, but the motion was denied due to no appearance from either party on April 27, 2021.
Initially the Court notes that "CPLR 3404 does not apply to the New York City Civil Court, the city courts outside of New York City, or the District Courts on Long Island" (Hon. Mark C. Dillon, Supplemental Practice Commentaries (2023), McKinneys Cons Laws of NY, Book 7B, C3404:1; see also Chavez v 407 Seventh Ave. Corp., 39 AD3d 454, 454-56 [2d Dept 2007]).
"An application to vacate an order of default may be granted if the movant shows that the default was excusable and that . . . the [motion] is meritorious" (Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-14 [1st Dept 2011]). "It is within the court's sound discretion to determine whether the movant's excuse for the default is sufficient" (id.). Here, plaintiff's motion was filed on November 23, 2020 and counsel states that he appeared on the initial January 8, 2021 return date and the next date, at which point he was under the wrongful assumption that the Court marked the motion submitted without opposition:
12. I appeared Plaintiff on the January 8, 2021 return date of the Prior Motion, however Defendant's counsel did not, at which time the Court adjourned the return date of the Prior Motion to March 2, 2021.
13. I appeared Plaintiff on the March 2, 2021 return date of the Prior Motion, and, again, Defendant's counsel did not, and I was under the understanding that the Court was marking the Prior Motion submitted without opposition.
14. However, I have since come to learn that rather than mark the Prior Motion submitted without opposition, the Court adjourned the return date of the Prior Motion to April 27, 2021.
15. I was not aware of the new appearance and did not appear on the April 27, 2021 return date.
16. Due to the actions and misfiling of this matter by a former associate of the firm, there was a delay in the filing of the instant motion.
(Schutzer aff dated January 11, 2024 at ¶¶ 12-16).
Even assuming, arguendo, that the movant demonstrated a reasonable excuse for missing the April 21, 2021 court appearance, this motion was made nearly three (3) years later, on or about January 12, 2024. Such a lengthy unexcused delay warrants in favor of finding against an excusable default" (see generally Chevalier, 80 AD3d at 413-14 ["the length of the delay chargeable to the movant" is one of the relevant factors to consider]).
Even if the default could be excused, the Court finds that the motion would have been denied anyway, as there is no affidavit of service of the first motion. "Absence of proper service of a motion is a sufficient and complete excuse for a default on a motion and deprives the court of jurisdiction to entertain the motion" (Zaidi v New York Bldg. Contrs., Ltd., 61 AD3d 747, 748 [2d Dept 2009]; Adames v New York City Tr. Auth., 126 AD2d 462, 462 [1st Dept 1987]).
Even if the movant could show that the motion should be restored pursuant to CPLR 5015 (a) (1), which is arguable, the Court finds that plaintiff should have moved to have the matter restored in the first instance pursuant to 22 NYCRR § 208.14 (c). The entire case was dismissed on September 13, 2019, and both plaintiff's first motion and the instant motion were made well over a year after dismissal, on November 23, 2020 and January 12, 2024 respectively. Assuming still, that the Court could even consider such an untimely motion under § 208.14 (c), the Appellate Division, First Department has held that "courts have discretion to grant a restoration motion brought more than one year after the case is stricken from the calendar provided the movant demonstrates (a) the merits of his/her claim; (b) a lack of prejudice to the opposing party or parties; (c) a lack of intent to abandon the action; and (d) a reasonable excuse for the delay" (Kaufman v Bauer, 36 AD3d 481, 481-84 [1st Dept 2007]).[FN2]
Here, not only has plaintiff never moved to restore the case, but plaintiff failed to state any "reasonable excuse for the delay" in taking any action since the case was dismissed in 2019, and the Court already found, supra, that there was no reasonable excuse for the lengthy delay between the first motion and this motion.
Accordingly, it is hereby ORDERED that the motion is denied and the action remains disposed. 
This constitutes the decision and order of the Court.
DATED: October 4, 2024
New York, New York
RENA MALIK
Judge of the Civil Court

Footnotes

Footnote 1:Plaintiff's moving papers state that the prior motion by plaintiff to strike and for summary judgment is annexed as Exhibit A. However, Exhibit A appears to be a copy of an agreement between plaintiff and defendant and although there are several exhibits attached to the instant moving papers, the prior motion does not appear to be, which would presumably include, e.g., the prior motion's notice of motion and supporting affirmation(s) and/or affidavit(s).

Footnote 2:The Court apprehensively cites Kaufman in support of such a principal as it analyzed § 208.14 (c) and CPLR 3404 as if CPLR 3404 was applicable to the Civil Court and that the CPLR 3404 standard could similarly apply to § 208.14 (c) (see Kaufman, 36 AD3d at 482 [citing cases discussing CPLR 3404]). However, as noted above, CPLR 3404 does not apply to the Civil Court. The Court cites to Kaufman only because it remains the law in this department and the Court is currently unaware of any other authority regarding untimely motions under § 208.14 (c).