Clermont York Assoc. LLC v Zgodny (2024 NY Slip Op 51742(U))

[*1]

Clermont York Assoc. LLC v Zgodny

2024 NY Slip Op 51742(U)

Decided on December 24, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 24, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570482/24

Clermont York Associates LLC, Petitioner-Landlord-Appellant, 
against
EJ Zgodny, Respondent-Tenant-Respondent.

Landlord, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Evon M. Asforis, J.), dated April 29, 2024, which denied its motion to restore this nonpayment summary proceeding to the calendar.

Per Curiam.
Order (Evon M. Asforis, J.), entered April 29, 2024, insofar as appealed from, affirmed, with $10 costs.
Landlord commenced this nonpayment proceeding in August 2012. Pursuant to a September 2013 written stipulation, the matter was marked off the calendar "pending [landlord's] appeal" from a January 29, 2013 interlocutory order of Civil Court. That appeal was decided on February 27, 2014 (see Clermont York Assoc. LLC v Zgodny, 42 Misc 3d 143[A], 2014 NY Slip Op 50257[U] [App Term, 1st Dept 2014]). However, no further proceedings were taken in this matter until landlord moved to restore the matter to the calendar in February 2023. 
Courts have discretion to grant a restoration motion brought more than one year after a case is stricken from the calendar provided the movant demonstrates: (a) the merits of the claim; (b) a lack of prejudice to the opposing party; (c) a lack of intent to abandon the action; and (d) a reasonable excuse for the delay (see Kaufman v Bauer, 36 AD3d 481, 482 [2007]). Here, landlord, who brought the motion to restore more than nine years after the proceeding was marked off the calendar, failed to make the requisite showing of a reasonable excuse for its lengthy delay (see Fair Price Med. Supply, Inc. v GEICO Ins. Co., 26 Misc 3d 133[A], 2010 NY Slip Op 50120[U] [App Term, 1st Dept 2010]). Even assuming, arguendo, that landlord satisfied the remaining criteria and reasonably declined to prosecute this proceeding earlier based upon a pending class action lawsuit against it by various tenants in the building that implicated issues in this proceeding, landlord failed to adequately explain its two and one-half year delay in seeking to restore the proceeding after the class action, which tenant opted out of, had been settled in August 2020 (see Williams v A & S Dept. Store, 5 Misc 3d 140[A], 2004 NY Slip Op 51665[U] [App Term, 1st Dept 2004]). Thus, we find no abuse of discretion in the denial of landlord's [*2]motion.
In view of the foregoing, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 24, 2024