Galindo v Doherty (2025 NY Slip Op 00288)

Galindo v Doherty

2025 NY Slip Op 00288

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 152157/21 Appeal No. 3528-3529 Case No. 2023-04211, 2024-05246 

[*1]Jovan Galindo, Plaintiff-Respondent,
v
Conor Doherty, et al., Defendants-Appellants, The City of New York, Defendant.

Hoguet Newman Regal & Kenney, LLP, New York (Helene R. Hechtkopf of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered August 11, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Conor Doherty and Ryan McHale to dismiss the complaint as against them and granted plaintiff's cross-motion for an extension of time to serve the summons and complaint under CPLR 306-b, unanimously affirmed, without costs. Order, same court (Lisa S. Headley, J.), entered July 5, 2024, which denied defendants' motion to renew and to dismiss the complaint and granted plaintiff's cross-motion for an additional extension of time to serve the summons and complaint under CPLR 306-b, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in extending plaintiff's time to serve the complaint in the interest of justice (CPLR 306-b). Although plaintiff delayed in seeking an extension, other relevant factors, including his demonstration of an allegedly meritorious cause of action, weighed in favor of granting plaintiff's motion (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-06 [2001]; Chase Home Fin., LLC v Adago, 171 AD3d 533, 533 [1st Dept 2019]). Defendants failed to show they were prejudiced by the extensions as the mere passage of time is insufficient to create prejudice (see Kaufman v Bauer, 36 AD3d 481, 484 [1st Dept 2007]). Furthermore, plaintiff's unsuccessful efforts to effect service on defendants did not amount to an extreme lack of diligence (cf. Slate v Schiavone Constr. Co., 4 NY3d 816, 817 [2005]).
In light of our determination, we need not address whether plaintiff satisfied the "good cause" prong of CPLR 306-b. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025