Epicuria, LLC v Dakis (2025 NY Slip Op 50137(U))

[*1]

Epicuria, LLC v Dakis

2025 NY Slip Op 50137(U)

Decided on February 7, 2025

District Court Of Suffolk County, Sixth District

Blake, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 7, 2025
District Court of Suffolk County, Sixth District

Epicuria, LLC, Plaintiff,

against
George Dakis, Emmanuel Dakis, Voula Davis, Defendant(s).

Index No. CV-3537-19/BR 

Barry M. Bernstein, P.C.
Attorney for Plaintiff
245 East 63rd Street, Suite 1202
New York, NY 10065
(212) 980-1212
Defendants Pro Se
George Dakis
Emmanuel Dakis
Voula Dakis
Manorville, New York 11949

Patricia M. Blake, J.

Upon the following papers read on this Motion to Restore and For a Default Judgment:
Notice of Motion and supporting papers X;
Notice of Cross Motion and supporting papers ;
Answering Affidavits and supporting papers;
Replying Affidavits and supporting papers; Filed papers; OtherExhibits X;; (and after hearing counsel in support of and opposed to the motion) it is hereby,
ORDERED that the motion by the Plaintiff is decided as follows: the Plaintiff's Motion to Restore its Complaint is DENIED. The Plaintiff's Motion for a Default Judgment on its Complaint is DENIED.
In November 2019, Plaintiff herein Epicuria, LLC ("Plaintiff"), by its President, Barry M. Bernstein, Esq., an attorney, commenced this action against Defendants herein, George, Emmanuel and Voula Dakis ("Defendants"), seeking damages for, inter alia, (1) breach of a consulting agreement; (2) breach of an employment agreement and (3) failure to repay a six-thousand ($6,000) dollar note. The Defendants failed to answer the complaint. 
On November 9, 2021, the Plaintiff filed a motion for default pursuant to CPLR § 3215, which motion was denied as untimely by the court in an order dated December 7, 2021. (See Order dated December 7, 2021 [Flanagan, J.]). Specifically, Judge Flanagan wrote: "[] the plaintiff's excuse for untimeliness of the motion is vague and devoid of particular facts." (Id.) In its December 7, 2021 order, the Court also, sua sponte, dismissed Plaintiff's complaint for failure to prosecute pursuant to CPLR § 3215( c ).
Now pending is the Plaintiff's February 3, 2025 motion to restore the complaint to the calendar, and for a default judgment on the complaint pursuant to CPLR § 3215. In its motion, the Plaintiff argues that its original motion for default was untimely because (1) defendant George Dakis made continued promises to pay the six-thousand ($6,000) dollar note through May of 2022; (2) it was difficult to access the courts during COVID; and (3) small law firm error (Bernstein is the sole employee of his law firm). (See Aff. in Support, dated January 7, 2025, at ¶¶ 7-12, pp. 9/53-10/53). The Defendants have filed no opposition.
In general, a motion to restore a case "[requires] a showing essentially identical to that needed to vacate a default, i.e., the plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon the matter; and (4) a lack of prejudice to the opposing party." Basetti v Nour, 287 AD2d 126, 131, 731 NYS2d 35 [2d Dep't 2001]. In addition, a plaintiff may move for a default judgment pursuant to CPLR § 3215(a), which provides that "[w]hen a defendant has failed to appear, plead or proceed to trial ... the plaintiff may seek a default judgment against him [or her]." B&H Flooring, LLC v Folger, 228 AD3d 809, 811, 215 NYS3d 115, 118 [2d Dep't 2024]; CPLR § 3215[a]).
In this case, as noted above, in its motion to restore, the Plaintiff provides the following reasons for its failure to prosecute its complaint in 2021: (1) defendant George Dakis made continued promises to pay the six-thousand ($6,000) dollar note through May of 2022; (2) it was difficult to access the courts during COVID; and (3) small law firm error (he is the sole employee of his law firm). (See Aff. in Support, dated January 7, 2025, at ¶¶ 7-12, pp. 9/53-10/53).
This Court concludes that, even if persuasive for the (approximately) one year lapse between filing the complaint and the untimely default motion, such arguments are not persuasive with respect to the three year lapse between the complaint's dismissal and the filing of the pending motion to restore. (See, e.g., Clermont York Assocs. LLC v Zgodny, 84 Misc 3d 133(A), 223 NYS3d 465 [App. Term 2024]) ("Here, landlord, who brought the motion to restore more than nine years after the proceeding was marked off the calendar, failed to make the requisite showing of a reasonable excuse for its lengthy delay"). Accord, Velez v Seymour Moslin Assocs., Inc., 278 AD2d 164, 165, 719 NYS2d 11, 12-13 [1st Dep't 2000] ("[counsel's] failure to move to restore until...nearly three years later, is not excusable")).
Given the lapse of three years between the complaint's dismissal and the filing of the pending motion to restore, and the fact that the contracts and note at issue are now more than five [*2]years old, the Defendants may be prejudiced in their ability to defend the case.
By reason of the foregoing, the Plaintiff's Motion to Restore its complaint is DENIED. The Plaintiff's Motion for a Default Judgment on its complaint is DENIED.
This shall constitute the decision and Order of the Court.
Dated: February 7, 2025
Patchogue, New York
HON. PATRICIA M. BLAKE