Chew v McKenzie (2025 NY Slip Op 50158(U))

[*1]

Chew v McKenzie

2025 NY Slip Op 50158(U) [85 Misc 3d 127(A)]

Decided on February 14, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 20,
2025; it will not be published in the printed Offical Reports.

Decided on February 14, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570145/24

Eddie K. Chew, Eleanor B. Chew,
Angelus C. N. Chan and

Sally Chan, Petitioners-Landlords-Appellants,

against

Michael P. McKenzie,
Respondent-Tenant-Respondent,
 and Michael L. Dunlap, "John Doe" and/or
"Jane Doe", Respondents-Undertenants-Respondents.

Landlords appeal from an order of the Civil Court of the City of New York, New
York County (Travis J. Arrindell, J.), dated August 7, 2023, which denied their motion to
restore the proceeding to the calendar and granted respondent Michael L. Dunlap's
motion to dismiss the petition as against him in a holdover summary proceeding.

Per Curiam.

Order (Travis J. Arrindell, J.), dated August 7, 2023, affirmed, without costs.

Courts have discretion to grant a restoration motion brought more than one year after
a case is stricken from the calendar provided the movant demonstrates (a) the merits of
the claim; (b) a lack of prejudice to the opposing party; (c) a lack of intent to abandon the
action; and (d) a reasonable excuse for the delay (see Kaufman v Bauer, 36 AD3d 481, 482 [2007]). Here,
landlords, who brought the motion to restore this "summary" holdover proceeding in July
2022, eight years after it was marked off the calendar in 2014, failed to make the
requisite showing of a reasonable excuse for the delay, and further failed to demonstrate
that restoration of the proceeding, some nine-years after the events underlying the
nonprimary residence claim, would not prejudice respondents (see Kamara v Ambert, 89
AD3d 612 [2011];
Benjamin v Teixeira, 78 AD3d 434 [2010]; 85th Columbus Corp. v Grail, 11 Misc 3d 134[A], 2006
NY Slip Op 50465[U][App Term, 1st Dept 2006]). Thus, we find no abuse of discretion
in the denial of landlords' motion.

In view of the foregoing, we reach no other issue.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: February 14, 2025