TANDY COMPUTER LEASING, Appellant, v VIDEO X HOME LIBRARY, Respondent.

On December 15, 1982, plaintiff Tandy Computer Leasing entered into a computer equipment lease with defendant Video X Home Library, which lease disclaimed all responsibility for the operation, design or fitness for any particular purpose of the computer equipment. When a dispute arose regarding the inability of the computer system to carry out the record-keeping requirements of defendant's business, defendant stopped making rental payments. Plaintiff subsequently commenced this action in August of 1984 to recover.

Defendant's prior attorney, Joel Steinberg, and plaintiff's counsel, Richard A. Sarner, entered into settlement negotiations, during which Sarner granted defendant numerous extensions of time to serve its answer, the last extension being until March 27, 1985. On June 5, 1985, plaintiff moved for a default judgment which Justice Sandifer granted by order and judgment (one paper) entered June 26, 1985. Plaintiff served defendant with notice of entry of this order and judgment to which defendant raised no objection. Plaintiff then executed against defendant's bank account, from which, after deductions for the Sheriff's poundage fees, it received $8,901.27.

On or about October 18, 1985, defendant moved to vacate its default and the June 26, 1985 order and judgment. It submitted affidavits from its president and new attorney, alleging that service was improper and that defendant had a meritori-

ous defense based on alleged nonperformance of some of the computer equipment. No argument was raised that the default was the result of excusable law office failure. Special Term found service to have been proper and accordingly rejected the jurisdictional argument. However, in view of the dispute over the merits of the action and the strong public policy favoring disposition on the merits, the court, determining that the default resulted from law office failure, exercised its discretion to vacate the default and justice Sandifer's order and judgment, except with regard to the costs of execution and the possession of the equipment, and granted defendant leave to serve its answer.

The order appealed from must be reversed. Under CPLR 5015 (a) (1), in order to vacate a default judgment, the moving party must demonstrate both a valid excuse for the default and a meritorious defense to the underlying action. *(Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407, 408.) These two prerequisites for relief must be established through facts contained in affidavits submitted in support of the application. *(Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685.) The affidavits submitted below never even raised law office failure as a reason for defendant's neglect in failing to serve an answer. The only defense raised was improper service, a defense rejected out of hand by the court below. Even had law office failure been alleged, such an allegation without any supporting facts to explain and justify the failure would be insufficient to establish excusable default. *(See, De Vito v Marine Midland Bank,* 100 AD2d 530.) Excusable law office failure cannot be established from this record, and the court below abused its discretion in determining that such law office failure did exist and in vacating the default. Concur—Ross, J. P., Carro, Asch, Kassal and Ellerin, JJ.