■ Ann R. Bauer et al., Appellants, v Claridge At Park Place, Incorporated, Doing Business as Del Webb's Claridge Casino Hotel, et al., Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered October 3, 1991, which, upon plaintiffs' failure to appear, marked their motion to strike defendants' affirmative defense of improper service off-calendar, and granted defendants' cross-motion dismissing the complaint on the basis of forum non conveniens, unanimously reversed, on the law and in the exercise of discretion, the complaint reinstated and plaintiffs' motion restored to the calendar, with costs.

This is a personal injury action to recover damages for injuries allegedly sustained by plaintiff Ann R. Bauer on August 26, 1988, in a fall at defendant hotel and casino, The Claridge At Park Place, Incorporated, in Atlantic City, New Jersey, and for derivative claims of her husband, plaintiff Edward J. Bauer (collectively "plaintiffs"). Issue was joined on July 20, 1990, when defendants served an answer which included, at paragraph "sixth", an affirmative defense of lack of jurisdiction.

On or about May 20, 1991, plaintiffs moved for an order striking defendants' affirmative defense. Thereafter, counsel for plaintiffs consented to two consecutive adjournments, which defendants requested before they submitted a response opposing plaintiffs' motion and a cross-motion to dismiss the complaint on the ground of forum non conveniens.

On July 15, 1991, plaintiffs sought defendants' consent to an adjournment on the cross-motion, which was scheduled to be heard the following day, in order to investigate the claim that defendant The Claridge At Park Place, Incorporated was the only interested party, since the defendant The Claridge Hotel and Casino Corporation was a New York corporation with no connection to the lawsuit. Defendants' counsel was amenable to an adjournment from July 16 to July 30, 1991. However, when plaintiffs' court service appeared for this purpose on July 16, 1991, the IAS court noted that the matter had previously been adjourned on two occasions, and marked it "final" for a second calendar call at 10:30 A.M. that morning.

Aware that he would be unable to reach the courtroom from his Garden City, Long Island office in the half-hour allowed, plaintiffs' counsel called counsel for defendants and asked that he appear and request the adjournment on consent. Defendants' counsel complied, but was unsuccessful in obtaining the adjournment, and in preventing plaintiffs' motion from being

marked off-calendar. Counsel for defendants then requested that the cross-motion to dismiss the complaint be granted. We reverse the off-calendar marking of plaintiffs' motion, as well as the dismissal of the complaint.

Although the IAS court was not bound by the parties' consent to adjourn, it was an improvident exercise of discretion not to have allowed plaintiffs' counsel a reasonable time to travel from his office to the courthouse before imposing so drastic a sanction as dismissal. The record is devoid of any indication that plaintiffs had willfully engaged in dilatory tactics or abandoned the action, and the short adjournment requested was on defendants' consent. Moreover, it was the defendants, and not plaintiffs, who had caused the two earlier adjournments cited by the IAS court prior to marking plaintiffs' motion off-calendar and according defendants a dismissal.

In making this determination, we have considered both the record and the strong public policy that, in the absence of prejudice to any party, a matter should be disposed of on its merits (see, Moran v Rynar, 39 AD2d 718; Lirit Corp. v Laufer Vision World, 84 AD2d 704; Lang v French & Co., 48 AD2d 641). Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.