■ DASH REALTY CORP., Respondent, v JOSEPH BARBOSA,

Appellant. [603 NYS2d 841] —Order of the Appellate Term of the Supreme Court, First Department (Parness, J. P., Miller and McCooe, JJ.), entered June 24, 1992, affirming an order of Civil Court, New York County (Jane Solomon, J.), entered December 17, 1991, which denied respondent's motion to vacate a default judgment awarding possession of certain premises to petitioner, unanimously affirmed, without costs.

Respondent tenant failed to set forth a valid excuse for the default or a meritorious defense to the holdover proceeding *(see, Tandy Computer Leasing v Video X Home Lib.,* 124 AD2d 530, 531). Respondent's counsel first maintained that he had never been notified by the Civil Court to appear on October 31, 1991, only to acknowledge later that he had in fact been contacted by the court and had received a similar notice by fax from opposing counsel. Since respondent's counsel knew or should have known that the summary judgment motion had been "marked final" for October 30, 1991, and that his failure to so inform the court at a prior appearance would prompt opposing counsel to seek immediate relief, his complaint that he was not "on notice" that the motion would be heard is frivolous. Moreover, since it is not disputed that his opposition papers were never filed with the court and that he failed to appear, counsel should not be heard to complain that judgment was improperly granted on default.

Nor has respondent provided a meritorious defense to the holdover proceeding. It is clear under the parties' interim lease and purchase agreements that a failure to pay the balance of the purchase price on the closing date constitutes a *default* under the lease, entitling the landlord *to* cancel the lease and to commence eviction proceedings. Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.