■ ARC MUNICIPAL SECURITIES CORP. et al., Plaintiffs, v KLEINBERG, KAPLAN, WOLFF & COHEN, P. C., Defendant and Interpleader Plaintiff, et al., Interpleader Defendants. KLEINBERG, KAPLAN, WOLFF & COHEN, P. C., Appellant, v ARC MUNICIPAL SECURITIES CORP., Formerly Known as HARRY DOWNS & COMPANY, INC., et al., Respondents. [716 NYS2d 295] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered February 2, 1999, which denied defendant and interpleader plaintiff Kleinberg, Kaplan, Wolff & Cohen, P. C.'s (KKW&C) motion to restore the case to the court's calendar and to extend its time to file a note of issue, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion granted, and the case restored to the trial calendar. Appeal from order, same court and Justice, entered June 30, 1999, which denied KKW&C's motion for leave to renew and reargue the foregoing motion, unanimously dismissed, without costs, as academic.

Under the circumstances, the motion court improvidently exercised its discretion in denying KKW&C's motion to restore

to the trial calendar its action to recover fees and costs arising from its performance as an escrow agent, and to extend its time to file a note of issue. There was no indication in the record of compliance with the CPLR 3216 (b) (3) mandatory precondition that a written 90-day demand to file and serve a note of issue be served on plaintiffs prior to a dismissal for neglect to prosecute (*Carino Italian Style v Shammah*, 266 AD2d 1; *see also, Chase v Scavuzzo*, 87 NY2d 228). Moreover, the court was mistaken as to the length of time KKW&C's action had been pending and as to its diligence in prosecuting the action, and it failed to give due regard to other relevant factors, i.e., that KKW&C had a meritorious case and had timely moved to restore the action to the calendar within a year of it being stricken (*see*, CPLR 3404), that the interpleader defendants failed to demonstrate any prejudice that would arise from the restoration of the case, and this State's strong public policy favoring disposition of actions on the merits (*see, Mineroff v Macy's & Co.*, 97 AD2d 535; *Moran v Rynar*, 39 AD2d 718; *Bauer v Claridge At Park Place*, 181 AD2d 566). Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.