■ Joseph Leonardelli, Appellant, v Presbyterian Hospital in the City of New York, Respondent and Third-Party Plaintiff-Respondent. Merola Associates, Third-Party Defendant-Respondent. [733 NYS2d 391] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered July 3, 2000, which denied plaintiff's motion to restore the action to the trial calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, the CPLR 3404 dismissal vacated, and the action restored to the trial calendar.

The motion court apparently assumed that the automatic dismissal of the action on August 3, 1999, pursuant to CPLR 3404, eliminated the court's discretion to consider restoring the case to the calendar, since it reasoned that there was no longer a matter currently before the court. This was incorrect.

Although a case which has been marked off or stricken from

the calendar and not restored within one year is deemed abandoned and is dismissed (CPLR 3404), the statute only creates a rebuttable presumption of abandonment (*Rodriguez v Middle Atl. Auto. Leasing*, 122 AD2d 720, *appeal dismissed* 69 NY2d 874). A party may restore a case to the trial calendar after it was dismissed pursuant to CPLR 3404, upon a showing of: (1) a meritorious claim, (2) a reasonable excuse for the delay, (3) an absence of prejudice to the adverse party, and (4) a lack of intent to abandon the case (*Ware v Porter*, 227 AD2d 214). The underlying legislative intent of CPLR 3404 was to strike "actually dead" cases (*Weiss v City of New York*, 247 AD2d 239, 240), and consequently we look, not to technicalities, but rather to the totality of the circumstances (*see, McGuire v Tishman Constr. Corp.*, 275 AD2d 249).

Plaintiff's bill of particulars and verified complaint allege sufficient detailed facts to establish that the case has merit, especially since the opposing affidavits offer nothing to dispute the merit of the cause of action (*see, Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281, 284; *see also, Nicholos v Cashelard*, 249 AD2d 187, 189).

As to the excuse for the delay, and the lack of intent to abandon the case, we note that (1) discovery had been completed, (2) the record fails to establish that plaintiff was aware of, or served with, the order marking the case off the calendar or the subsequent dismissal order, and (3) plaintiff had no reason to think that the case had been dismissed, given the undisputed assertion of counsel that he was aware of a status conference scheduled for October 1, 1999 (*see, Zabari v City of New York*, 242 AD2d 15, 18; *Weiss v City of New York*, 247 AD2d 239, 240).

Finally, we perceive no apparent prejudice to the adverse parties, inasmuch as all discovery was completed, and neither defendant nor third-party defendant has suggested how it might be prejudiced (*see, Zabari v City of New York*, 242 AD2d 15, 18; *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23).

While counsel's attendance at the original pre-trial conference without sufficient knowledge of the case may well have supported imposition of some sort of sanction, the automatic dismissal following the order marking the case off the trial calendar is disproportionate to the offense. Concur—Nardelli, J. P., Lerner, Rubin, Saxe and Marlow, JJ.