■ BEVERLY SCHWARTZ, as Administratrix of the Estate of RUTH SCHWARTZ, Deceased, Appellant, v MONTEFIORE HOSPITAL AND MEDICAL CENTER, Respondent. [761 NYS2d 5] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about April 5, 2002, which dismissed plaintiff's action for failure to timely effect substitution, and bringing up for review an order (same court and Justice) entered March 13, 2002, which denied plaintiff's motion to substitute estate administratrix Beverly Schwartz for decedent Ruth Schwartz, and granted defendant's motion to dismiss based on plaintiff's failure to timely substitute pursuant to CPLR 1021, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the complaint reinstated, the motion to substitute the estate administratrix granted and the caption so amended, plaintiff's time to file notice of medical malpractice action pursuant to CPLR 3406 (a) extended nunc pro tunc, and defendant's motion to dismiss denied. Appeal from the order entered March 13, 2002, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Ruth Schwartz commenced this action on or about November 30, 1989, claiming that while a patient at defendant hospital,

at the age of 87 and suffering from dementia, she fell out of bed on May 11, 1987 and July 15, 1987, because she was not properly monitored or restrained as directed by her physician, and that she suffered serious injuries as a result.

On May 17, 1994, Ruth Schwartz died at the age of 94. Letters of administration were issued to her daughter Beverly Schwartz on June 27, 1995.

On or about October 23, 2001, a motion was made for an order substituting Beverly Schwartz, as administratrix for Ruth Schwartz, as plaintiff, pursuant to CPLR 1015 (a), and amending the caption accordingly; and for an order extending her time to file the notice of medical malpractice action nunc pro tunc, pursuant to CPLR 3406 (a) and 2004. Plaintiff's counsel explained that the delay in filing a medical malpractice notice and moving for an order of substitution was due, primarily, to "serious health problems that beset my wife and me over the past twelve years; difficulty in obtaining plaintiff's hospital record; and the demise of Ruth Schwartz herself."

Defendant opposed the motion by moving to dismiss the action for failure to effect substitution following decedent's death, as well as for lack of personal jurisdiction and on grounds of untimeliness. Defendant's contentions regarding personal jurisdiction and timeliness were based on its assertion that the person accepting the summons and complaint was neither authorized nor employed by the hospital, and that, thereafter, the summons was not served until after expiration of the 2½-year statute of limitations.

The motion court granted defendant's motion to dismiss to the extent of dismissing the action for failure to effect substitution, noting that in the six years since Beverly Schwartz's June 27, 1995 appointment as administratrix of her mother's estate, "plaintiff's counsel continued to prosecute numerous other cases, including some of which were prosecuted through various stages of appellate practice, during the period of time when he was allegedly disabled from prosecuting this action." Despite plaintiff's prima facie showing of the merits of the action, the motion court agreed with defendant's counsel that "there is an intimate relationship between the merits of an action and the fact that it has been neglected." It added that "[i]t is a certainty that the defendant will be unable to contest the allegations of malpractice through cross-examination of the alleged victim, who is now deceased, and little if any chance that a witness to the occurrence will be located at this very late date."

The court's dismissal of plaintiff's complaint was an improvi-

dent exercise of discretion. Given the preference for deciding cases on their merits, a motion for substitution should be granted in the absence of prejudice (*see Rocha Troussier y Asociados v Rivero,* 184 AD2d 398, 398-399 [1992]; *Macomber v Cipollina,* 226 AD2d 435, 437 [1996]).

Defendant cannot properly claim prejudice where the case will turn mainly on medical records rather than witnesses' memories and defendant is in possession of the relevant records (*see Jankie-Alli v Mount Sinai Med. Ctr.,* 262 AD2d 188 [1999]; *Salzano v Mastrantonio,* 267 AD2d 5 [1999]). Here, defendant is not only in possession of all the relevant medical records, but of all the confidential incident reports, staff interviews and quality assurance materials which were undoubtedly generated before, during and after the Department of Health's investigation into the incident. Accordingly, there is no merit to defendant's argument as to witnesses with dim memories. Nor is the requirement that it keep records for only six years relevant here, since that requirement does not pertain to ongoing litigation or incidents under investigation.

Moreover, since Ms. Schwartz's falls were both in the middle of the night, it is unlikely that there were any witnesses to the events. On one occasion, a disoriented Ms. Schwartz was found in another patient's room, and on the other, she was found on the floor of her room. Additionally, insofar as she suffered from dementia and her daughter learned of the falls the next day only from the nursing staff, her deposition would have been fruitless. In any event, it is Ms. Schwartz's death that caused defendant's inability to depose or examine her, not the delay in effecting substitution.

Finally, counsel established that the delay was caused by excusable law office failure, by his full explanation of the many serious health problems experienced by his wife and himself over the years in question. The court's observation that counsel had managed to continue to work on other cases was an improper basis for dismissing either the merits of this case or counsel's excuse for his neglect of it.

Inasmuch as the evidentiary materials submitted by plaintiff made a prima facie showing of merit, a reasonable excuse for the delay was established, and there was no demonstration of real prejudice to defendant, we reverse the court's denial of substitution and dismissal of plaintiff's complaint (*see Ramputi v Timko Contr. Corp.,* 262 AD2d 26, 28 [1999]).

Defendant's other asserted grounds for dismissal are without merit. Concur—Saxe, J.P., Sullivan, Ellerin and Gonzalez, JJ.