■ MANUEL NORIEGA, Appellant, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Respondents, et al., Defendants. [761 NYS2d 18] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about March 11, 2002, which insofar as it granted the motion of defendants Stephan Mayer, M.D., Gerald Newberg, M.D., and The Presbyterian Hospital in the City of New York, Columbia Presbyterian Medical Center* and the cross motion of defendant Michael B. Sisti, M.D., to dismiss plaintiff's complaint for failure to comply with a prior court order requiring substitution, and denied plaintiff's cross motion seeking substitution and allowing plaintiff to amend the caption, unanimously reversed, on the law, without costs, defendants' respective motion and cross motion denied, plaintiff's cross motion granted to the extent indicated herein, the action reinstated, and the matter remanded for further proceedings.

Plaintiff died after the commencement of this medical malpractice action, and no substitution was made. The court rendered a conditional order dated October 6, 2000, directing

* Correctly named The New York and Presbyterian Hospital.

substitution within 30 days of service of the copy of the order with notice of entry. The court warned that in the event the order was not complied with "the complaint may be dismissed." After plaintiff's personal representative failed to timely substitute and amend the caption, defendants separately moved and cross-moved for an order dismissing the complaint. Plaintiff's counsel opposed the motions and cross-moved for an order directing substitution. The court dismissed the complaint pursuant to CPLR 1021.

The motion court improvidently exercised its discretion in granting defendants' respective motions to dismiss the complaint and denying plaintiff's cross motion for substitution. A party's death "divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015 (a)" (*Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820 [1985]; *accord Faraone v National Academy of Tel. Arts & Sciences*, 296 AD2d 349, 350 [2002]). When a timely substitution is not made, a court may not order dismissal without first ordering the persons interested in the decedent's estate to show cause why the action should not be dismissed (*see* CPLR 1021). Here, there was no order to show cause served upon an interested party (*see Petty v Meadowbrook Distrib. Corp.*, 266 AD2d 88 [1999]). Furthermore, defendants' bare allegations of prejudice are insufficient to defeat a motion for substitution especially where, as here, the case is likely to turn mainly on medical records rather than witnesses' memories (*see Jankie-Alli v Mount Sinai Med. Ctr.*, 262 AD2d 188 [1999]). Moreover, reversal of the order dismissing the action is in accord with the strong public policy of this State that, in the absence of prejudice, a matter should be disposed of on its merits (*see Penn v American Airlines*, 192 AD2d 385, 386 [1993]; *Bauer v Claridge At Park Place*, 181 AD2d 566, 567 [1992]).

We have considered and rejected the balance of defendants' contentions. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.