■ CLIFTON WYNTER et al., Appellants, v OUR LADY OF MERCY MEDICAL CENTER et al., Respondents. [771 NYS2d 94]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 5, 2002, which granted defendants' motions to dismiss the complaint pursuant to CPLR 1021 for failure to timely substitute a representative for the deceased plaintiff and denied plaintiffs' cross motion to substitute a representative of the estate of the deceased plaintiff and to amend the complaint to include a wrongful death cause of action, unanimously reversed, on the law, without costs, the motions denied, the complaint reinstated and the cross motion granted, and the matter remanded for further proceedings.

Plaintiffs allege that when plaintiff Clifton Wynter fell on a sidewalk and injured his neck and head, an ambulance crew from defendant New York City Health and Hospitals Corporation responded and transported him to defendant medical center, where he stayed for a brief period during which he was treated by the individual medical professional defendants. The amended verified complaint alleged medical malpractice arising from defendants' failure to diagnose, stabilize and promptly treat a spinal cord injury, resulting in serious permanent physical injuries as well as mental and emotional harm. Othilda Wynter, Clifton's wife, sued for loss of consortium and services. The verified bills of particulars provide further clarification regarding the alleged departures from accepted medical practices in support of the malpractice cause of action. More specifically, plaintiffs alleged that Clifton Wynter suffered quadriplegia as a consequence of the malpractice, with resulting incontinence and bladder problems. He died intestate on December 26, 1999. Letters of administration were issued to Othilda Wynter on December 12, 2001, who subsequently moved to be substituted for decedent.

During the interim, a law firm and present counsel Bruce Katz were disputing who represented plaintiffs. The dispute regarding representation was decided by a January 17, 2001 order of Bronx County Supreme Court (Stanley Green, J.), directing that Katz represent plaintiffs.

Also during the interim, additional motion practice had ensued in the present action including dismissal motions related to the lack of progress in the litigation, during which time Katz became ill and underwent surgery. Unfortunately, in the aftermath of the destruction of the World Trade Center, Katz also was displaced from his home, which was located 500 feet from Ground Zero. As a consequence, he lost many files. Defendants moved thereafter to dismiss for plaintiffs' failure to appoint an administrator.

On December 17, 2001, plaintiff cross-moved to substitute Othilda Wynter as executor and to submit an amended complaint, now adding a cause of action for wrongful death. In that connection, a physician's affirmation of merit was submitted in which the physician averred that the quadriplegia caused by Clifton Wynter's original fall resulted in his incontinence and the consequential necessity of chronic urinary drainage by catheter, and a constant weakness of his respiratory muscles. The physician further averred that Wynter was admitted to defendant medical center on December 15, 1999, in septic shock, from which he died on December 26, 1999, and that the sepsis

"was precipitated by a tendency to urinary tract infection and aspiration pneumonia brought on by his quadriplegia . . . which was a contributing factor in his ultimate demise."

In granting the motion to dismiss, Supreme Court noted various delays occurring during the pendency of the litigation, found counsel's explanation for the delays to be inadequate, and dismissed for failure to timely substitute a legal representative for the deceased plaintiff. The court also found the physician's affirmation of merit inadequate. The court, in denying the cross motion to add a cause of action for wrongful death, also faulted the affiant for not specifying what records were reviewed as support for the opinion that decedent's quadriplegia was a contributing factor in his demise, resulting in an absence of competent medical proof showing a causal nexus between the injury and the alleged malpractice.

If a case is dismissed for failure to timely effect substitution pursuant to CPLR 1021, the plaintiff, in order to achieve reinstatement, must demonstrate a prima facie showing of merit, a reasonable excuse for the delay and no undue prejudice to the defendants (*Schwartz v Montefiore Hosp. & Med. Ctr.*, 305 AD2d 174, 176 [2003]). Parenthetically, this action will likely rely significantly on medical records and other documentary proofs rather than on eyewitnesses or other testimony. As such, aside from conclusory claims that the fact of delay has impeded the presentation of a defense, we find no significant likelihood of undue prejudice should the complaint be reinstated (*Noriega v Presbyterian Hosp.*, 305 AD2d 220, 221 [2003]). In any event, defendants have failed to articulate any particular prejudice except for the fact that time has passed, which, standing alone, we have found to be an insufficient basis for finding prejudice (*Peterson v City of New York*, 286 AD2d 287 [2001]). Moreover, the record evinces several unusual circumstances that contributed to, and adequately explained, the delay in issue. Counsel's affirmation established that there had been an ongoing dispute over who represented plaintiffs, which was not resolved until January 17, 2001, a dispute which we do not attribute to plaintiffs. Counsel's life-threatening and extensive illness, and the attendant surgeries, provide a further explanation for counsel's lack of activity during this time period, and the unanticipated and catastrophic impediment caused by the destruction of the World Trade Center provide further explanation for the delay (*Schwartz, supra*). Although any one of these factors might have been inadequate, their juxtaposition persuades us, now that the substitution has been achieved, that reinstatement is appropriate. Finally, under the circumstances of this

case, the merit of the underlying medical malpractice action is adequately established by the pleadings, including plaintiffs' verified bills of particulars and supporting documents, and the physician's affirmation, which, in view of our liberal policy to permit amended pleadings, also establishes in the present circumstances the merit of the proposed wrongful death claim (*Leonardelli v Presbyterian Hosp.*, 288 AD2d 105 [2001]; *Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281 [1996]). Concur—Tom, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.