■ EDNA POTTS PETERS, Respondent, v CITY OF NEW YORK HEALTH AND HOSPITALS CORPORATION et al., Defendants, and VICTOR MARIANI, M.D., Appellant. (And a Third-Party Action.) [851 NYS2d 527]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about May 11, 2006, which denied the motion of defendant Victor Mariani, M.D. to dismiss the complaint for failure to timely substitute a representative for the deceased plaintiff, and granted plaintiff's motion to substitute a representative of the estate of the deceased plaintiff and to amend the complaint to the extent of reflecting such substitution, unanimously affirmed, without costs.

By submitting its expert's affidavit of merit and a reasonable explanation for the delay in seeking substitution, decedent's estate showed adequate cause why this medical malpractice action should not have been dismissed for failure to timely move for substitution (see CPLR 1015 [a]; 1021). Moreover, the strong public policy of this State is to dispose of matters on the merits (Noriega v Presbyterian Hosp. in City of N.Y., 305 AD2d 220, 221 [2003]). Accordingly, a motion to substitute a party after a lengthy delay should be granted absent a showing of prejudice by the defendant (Schwartz v Montefiore Hosp. & Med. Ctr., 305 AD2d 174, 176 [2003]). Here, defendant Mariani failed to demonstrate prejudice because the action will likely rely on medical records and other documentary evidence and not the testimony of eyewitnesses (see Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376, 378 [2004]). Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ.