In this action for personal injuries allegedly sustained by plaintiff’s decedent while he was working at defendant’s premises as an assistant elevator mechanic, the note of issue was filed on March 3, 2009, and the decedent died of unrelated causes on June 13, 2009, resulting in an automatic stay of all proceedings until a proper substitution was made (see CPLR 1015 [a]; Noriega v Presbyterian Hosp. in City of N.Y., 305 AD2d 220, 221 [1st Dept 2003]). Defendant moved for summary judgment on June 24, 2009, within 120 days after the note of issue was filed, but while the action was stayed. Thus, the order granting the motion on default was properly vacated as a nullity (see Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy., 112 AD2d 819, 820 [1st Dept 1985]).
Decedent’s daughter was substituted as party plaintiff on May 10, 2010, and defendant concededly had notice of the substitution as of August 17, 2010. Defendant did not attempt to renew its motion for summary judgment until October 28, 2010, more than 120 days after the filing of the note of issue, *539 excluding the tolling period. Moreover, after the motion was automatically denied without prejudice due to defendant’s failure to comply with the court rules of the trial part, defendant waited until May 3, 2011 to make the motion in accordance with the applicable rules. By that time, the motion was untimely under any view of the facts (see CPLR 3212 [a]).
Defendant’s proffered excuses for the delay in moving following substitution are insufficient to excuse its failure to remain apprised of the status of the case and comply with the applicable deadlines (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill v City of New York, 2 NY3d 648 [2004]).
We have considered defendant’s remaining arguments and find them unavailing. Concur — Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.