■ JPMorgan Chase Bank, N.A., Respondent, v Dermott W. Clancy et al., Appellants. [985 NYS2d 507]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered November 8, 2012, which granted plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, and the motion denied.

Plaintiff's motion was based on two sets of exhibits, one attached to plaintiff's complaint, and the other to an affidavit of plaintiff's employee. The exhibits would be in admissible form only if plaintiff satisfied the requirements for their admission as business records under CPLR 4518 (a). Plaintiff failed to satisfy those requirements. Although a verified pleading may be used anytime an affidavit is called for (*see* CPLR 105 [u]), here the complaint was verified only by counsel, rather than a person with knowledge. Thus, it was insufficient to establish that the attached documents were admissible under the business records exception to the hearsay rule (*see A.B. Med. Servs. PLLC v Travelers Prop. Cas. Corp.*, 5 Misc 3d 214, 215 [Civ Ct, Kings County 2004] [attorney's affirmation was insufficient to establish that a report was an admissible business record]). The exhibits to the employee's affidavit were also inadmissible, because the affiant failed to state in words or substance that it was the regular business of the plaintiff to create such records

(*see People v Kennedy*, 68 NY2d 569, 579 [1986]). Furthermore, the critical document relied upon by plaintiff to establish nonpayment is not self-explanatory and does not contain the date referenced in the employee's affidavit. Concur—Tom, J.P., Acosta, Andrias, DeGrasse and Richter, JJ.