██ Francesca Appleby et al., Respondents, v William Duffy Suggs, M.D., et al., Appellants, et al., Defendant. [23 NYS3d 235]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered October 15, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to substitute the executrix, Joanne Appleby, in place of deceased plaintiff Francesca Appleby, and denied defendants-appellants' cross motion to dismiss the complaint, unanimously affirmed, without costs.

The motion court providently exercised its discretion in granting plaintiffs' motion and denying defendants' cross motion, despite plaintiffs' delay in moving for substitution (see Hedaya v Hedaya, 160 AD2d 625, 626 [1st Dept 1990]). Defendants do not dispute that plaintiffs, before moving for substitution, attempted to resolve the issue with defendants, with the motion court's continued knowledge. Defendants' bare allegation of prejudice based upon the passing of time is insufficient to defeat plaintiffs' motion, especially since the case is likely to turn mainly on medical records rather than the memories of witnesses (see Peters v City of N.Y. Health & Hosps. Corp., 48 AD3d 329, 329 [1st Dept 2008]; Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376, 378 [1st Dept 2004]). Although defendants claim they will be unable to obtain the medical records of decedent Francesca Appleby because it has been six years since the alleged medical malpractice, defendants failed to submit an affidavit from someone with knowledge averring that they attempted to obtain the records, but were unable to do so.

We have considered defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Saxe and Moskowitz, JJ.