■ CITIBANK, N.A., Respondent, v ROXANN VILLANO, Appellant. [37 NYS3d 553]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 1, 2015, awarding plaintiff the total sum of $305,416.40, and bringing up for review an order, same court and Justice, entered January 23, 2015, which granted plaintiff's motion for summary judgment against defendant guarantor, unanimously modified, on the law, the judgment vacated, the matter remanded for further proceedings to determine the amount of indebtedness, if any, for which defendant is liable under the guaranties, and otherwise affirmed, without costs. Order, same court and Justice, entered January 22, 2016, brought up for review by the appeal from the judgment, pursuant to CPLR 5517 (b), which denied defendant's motion for renewal, unanimously affirmed, without costs.

Defendant's failure, both in opposition and on renewal, to deny that she executed the personal guaranty and other loan documents under which she was sued, mandated the grant of summary judgment as to liability in favor of plaintiff. While she had a handwriting expert's report in support of her motion for renewal, it was proffered solely on renewal. Moreover, defendant's repeated failure to expressly and unequivocally deny signing the documents made her opposition futile (*cf. All State Flooring Distribs., L.P. v MD Floors, LLC*, 131 AD3d 834, 836 [1st Dept 2015]). Nor was the motion premature. While it was made prediscovery, defendant obviously knew whether or not she signed the documents without needing access to plaintiff's records.

However, defendant is correct that plaintiff never established its prima facie entitlement to judgment as to the amount of the debt. Plaintiff submitted no records with its moving papers supporting its calculation of the debt amount. It revealed on

reply that half the debt was based on older loan documents that it never submitted, either in reply or in moving papers. The "records" upon which it relied for the calculation of this previous indebtedness were cryptic and bore the header, "Eh hem . . . does this belong to you?" Plaintiff's affiant never explained these documents or produced or even identified the specific documents upon which she relied in calculating the total alleged indebtedness.

For these reasons, the judgment must be vacated, and further proceedings held to determine the amount of the indebtedness for which defendant is liable under the guaranties. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.