(August 25, 2016)

■ PUBLIC ADMINISTRATOR, as Administrator of the Estate of RONALD SIMPSON, Deceased, Respondent, v WILLIAM N. LEVINE, M.D., Appellant, et al., Defendant. [37 NYS3d 475]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 11, 2015, which, to the extent appealed from as limited by the briefs, denied defendant doctor's motion to dismiss the complaint for failure to timely substitute a representative for Ronald Simpson, and granted the Public Administrator's motion to be substituted for Simpson as the plaintiff in the action and to amend the caption and pleadings to reflect such substitution, affirmed, without costs.

In this action, Simpson alleged medical malpractice arising from surgery performed on him commencing when he was approximately 37 years old, in July 2005, and continuing until July 2006, by defendant/appellant Levine at defendant the New York and Presbyterian Hospital (sued here as New York Presbyterian Hospital-Columbia Presbyterian Center), to address an injury to the right knee that Simpson had sustained in an accident.

On February 21, 2008, Simpson and his wife, Walnisha Simpson, suing derivatively, commenced the instant action. On September 9, 2008, Supreme Court issued a preliminary conference order directing the release to the parties of hospital authorizations, records related to prior anterior cruciate ligament surgery, and IRS records from 2002 to September 2008 within 30 days of the date of the order.

Ronald Simpson's deposition was taken in November 2010 and December 2010. At that time, Simpson, the father of eight children, had been divorced, allegedly because of his inability to work due to the malpractice of the defendants. Prior to the accident resulting in his knee injury, he had worked as a porter, earning approximately $19,000 per year.

On October 25, 2011, Simpson, then age 43, was hit by a livery cab while crossing the street and then was struck immediately by a private sanitation truck. He was taken by ambulance to Lincoln Hospital, where he was pronounced dead.

Upon Simpson's death, this action was automatically stayed. Two of his children disputed who should serve as the estate administrator and submitted petitions for letters testamentary in Surrogate's Court, Bronx County. Following numerous court appearances in that court, on May 3, 2013, the Public Administrator was appointed by the Surrogate's Court as the administrator of Simpson's estate.

Thereafter, the Public Administrator sought to retain counsel to continue the prosecution of this action. Due to drafting errors in the retainer agreement, however, counsel was not engaged until January 9, 2014. Counsel for the Public Administrator avers that she had begun her maternity leave in December 2013 and did not return to work until April 2014. She further maintains that she did not realize that the retainer had been left unaddressed until May 22, 2014, when defendant Levine filed a motion, pursuant to CPLR 1021, to dismiss the action for failure to timely substitute an estate representative for Simpson. By motion dated June 10, 2014, the Public Administrator moved for substitution. As stated above, by order dated August 11, 2015, Supreme Court denied defendant's motion and granted the Public Administrator's motion, substituting the Public Administrator for Ronald Simpson as the named plaintiff and removing Walnisha Simpson, decedent's former wife, as a named plaintiff.

Supreme Court providently exercised its discretion in denying defendant's motion and in granting the Public Administrator's motion under CPLR 1021. In order to defeat a motion to dismiss a medical malpractice complaint for failure to obtain a timely substitution of an estate representative pursuant to CPLR 1021, a plaintiff must provide "a reasonable excuse for the delay" and make "a prima facie showing of merit" (*Wynter v Our Lady of Mercy Med. Ctr.*, 3 AD3d 376, 378 [1st Dept 2004], citing *Schwartz v Montefiore Hosp. & Med. Ctr.*, 305 AD2d 174, 176 [1st Dept 2003]). In order to prevail on a CPLR 1021 motion to dismiss, a defendant must show that the plaintiff's failure to secure substitution in a timely fashion resulted in undue prejudice (*Noriega v Presbyterian Hosp. in City of N.Y.*, 305 AD2d 220, 221 [1st Dept 2003]).

With regard to whether the Public Administrator in this case has demonstrated a reasonable excuse for the delay in filing a motion for substitution, in *Wynter*, a case with striking factual similarities to the instant case, this Court found that the record established that there had been an ongoing dispute over who represented the plaintiffs and that the plaintiffs' counsel had been rendered inactive in the case due to a life-threatening

and extended illness (3 AD3d at 378). Here, the record shows that there was a dispute between two of Simpson's children as to who would administer the estate, and that the Public Administrator's counsel was on maternity leave for five months. In addition, in this case, inadvertent errors in drafting the agreement to retain counsel accounted for some of the delay. Thus, here, as in *Wynter*, there are circumstances present that "adequately explain[ ] the delay in issue" (*id.*).

With respect to determining whether the Public Administrator has made a prima facie showing of the merit of the underlying medical malpractice action, here, as in *Wynter*, we may look to the underlying pleadings, including the amended complaint, and the verified bill of particulars.[1] In this case, these documents, together with Simpson's deposition, adequately establish the merit of the underlying action without the need for a physician's affirmation (*see Leonardelli v Presbyterian Hosp. in City of N.Y.*, 288 AD2d 105, 106 [1st Dept 2001] ["Plaintiff's bill of particulars and verified complaint allege sufficient detailed facts to establish that the case has merit"]; *Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281, 284 [1996] ["Plaintiff's factually scant showing as to the merit of its cause of action is nevertheless sufficient under the circumstances, since all it need show is a substantial possibility of success in the action" (internal quotation marks omitted)]).[2]

Furthermore, defendant's "bare allegations of prejudice are

1. While, in *Wynter*, this Court also referred to the physician's affirmation as among the documents establishing the merit of the underlying action in that case, this Court also observed that Supreme Court in that case had found the affirmation "inadequate" in that it failed to specify what documents the physician reviewed in support of the opinion that the "decedent's quadriplegia was a contributing factor in his demise" (3 AD3d at 378). Nevertheless, in *Wynter*, we found that the overall record, including pleadings and other supporting documents, together with the affirmation, adequately established the merits of the action (*id.* at 379).

2. The cases cited by defendant and by the dissent in support of the argument that a physician's affirmation is needed to establish a prima facie showing of merit are inapposite to the instant case, as they pertain to standards applicable to motions to dismiss pursuant to CPLR 3216 for failure to file timely a note of issue (*see Mosberg v Elahi*, 80 NY2d 941 [1992]) or to situations in which there was neither any physician's affirmation, nor any other prima facie showing of merit, nor was there any justification for the delay beyond law office failure (*see Rose v Frankel*, 83 AD3d 607 [1st Dept 2011]). In arguing that a physician's affirmation or affidavit of merit, as well as a reasonable excuse for the delay, was required to defeat defendant's motion to dismiss for untimely substitution, defendant conflates this case with cases involving review of motions for other forms of relief not relevant here, such as cases involving review of motions to vacate a default judgment (*see*

insufficient to defeat a motion for substitution especially where, as here, the case is likely to turn mainly on medical records rather than witnesses' memories" (*Noriega*, 305 AD2d at 221), and where, as here, defendant has apparently been in possession of the relevant records since shortly after disclosure was ordered in September 2008 (*Schwartz*, 305 AD2d at 176). The sole ground defendant offers as demonstrating prejudice to him, i.e., the passage of time, is not, in itself, a sufficient basis for finding prejudice (*Appleby v Suggs*, 135 AD3d 623 [1st Dept 2016]; *Peterson v City of New York*, 286 AD2d 287, 289 [1st Dept 2001]). Defendant does not deny that this case turns on medical records or that he is in possession of them. He has mentioned no facts as to prejudice, even when he complained of the delay that had occurred in the case prior to Simpson's death.

In sum, the Public Administrator has provided a reasonable explanation for the delay in seeking substitution and has made a prima facie showing of merit on the basis of the pleadings, deposition testimony and other supporting documents, while defendant has failed to demonstrate prejudice. Under these circumstances, and in light of the strong public policy favoring disposition of cases such as this one on their merits (*Peters v City of N.Y. Health & Hosps. Corp.*, 48 AD3d 329 [1st Dept 2008]; *Noriega*, 305 AD2d at 221), and "our liberal policy to permit amended pleadings" (*Wynter*, 3 AD3d at 379), adequate cause has been shown as to why this action should not have been dismissed for failure to make a timely motion for substitution has been shown (*see Schwartz*, 305 AD2d at 176). Concur—Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.

Tom, J.P., dissents in a memorandum as follows: The Public Administrator's failure to submit a physician's affirmation of merit and failure to provide justification, other than law office failure, for its more than one-year delay in seeking substitution following the issuance of letters testamentary mandates the denial of its motion for substitution and the grant of defendant doctor's motion to dismiss the complaint pursuant to CPLR 1021 (*see Rose v Frankel*, 83 AD3d 607, 608 [1st Dept 2011]; *see also Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc.*, 108 AD3d 618, 619 [2d Dept 2013]). Accordingly, I respectfully dissent.

---

*Tandy Computer Leasing v Video X Home Lib.*, 124 AD2d 530 [1st Dept 1986]). We have never held that a physician's affirmation of merit is the sole means for establishing a meritorious claim for purposes of a belated substitution of a party representative under CPLR 1021. In any event, under the circumstances presented here, the court providently exercised its discretion in permitting substitution.

This medical malpractice action arises from surgery performed by defendant William N. Levine, M.D. on Ronald Simpson's right knee at defendant the New York and Presbyterian Hospital (sued here as New York Presbyterian Hospital-Columbia Presbyterian Center). On February 21, 2008, Simpson, and his wife, Walnisha Simpson, suing derivatively, commenced this action against defendants. However, on October 24, 2011, Ronald Simpson died, and the matter was automatically stayed.

Between May 2012 and August 2012, defendants sent at least three correspondences to Simpson's counsel seeking to obtain the identity of the administrator of Simpson's estate. On May 3, 2013, the Surrogate's Court issued letters testamentary appointing the Public Administrator as the administrator of Simpson's estate. However, the Public Administrator failed to seek leave to substitute itself for the Simpson.

Thus, on May 22, 2014, more than a year after Surrogate's Court appointed the administrator of the estate, defendant Levine moved for an order, pursuant to CPLR 1021, dismissing the action, with prejudice, for failure to timely substitute an estate representative for Simpson. In response, the Public Adminstrator moved for leave to substitute itself for Simpson, pursuant to CPLR 1021, and to amend the caption and pleadings to reflect such substitution and remove Walnisha Simpson as a named plaintiff.

In support of the Public Administrator's motion and in opposition to defendant's motion, the Public Administrator asserted that subsequent to Simpson's death, there was an ongoing dispute between his children as to who would represent the estate, and that numerous court appearances were held before the Surrogate's Court for a determination of the matter. After its appointment, the Public Administrator retained Simpson's counsel's law firm as attorneys for Simpson's estate; however due to errors with the contingent fee terms, the retainer agreement was not fully executed until January 9, 2014. Counsel averred that it was not until the motions to dismiss were made that she realized that the matter had not been addressed while she was on maternity leave from December 2013 to April 2014. Counsel argued that the five-month delay, following execution of the retainer agreement, was not "egregious or unreasonable" as to warrant dismissal of the action. Counsel further argued that since Simpson had testified at deposition prior to his death, there was no prejudice to defendants by substituting the Public Administrator as the administrator of the estate. Notably, the Public Administrator did not support its motion with a physician's affirmation of merit.

Supreme Court nevertheless denied defendant's motion to dismiss and granted the Public Administrator's motion for substitution. This was an improvident exercise of discretion.

Pursuant to CPLR 1021, if a required substitution is not made within a "reasonable time," the action is subject to dismissal for this reason alone as to the party for whom substitution should have been made. Although courts have shown relative liberality regarding the time of delay because of "the strong public policy" favoring disposition of cases on the merits (*see e.g. Peters v City of N.Y. Health & Hosps. Corp.*, 48 AD3d 329, 329 [1st Dept 2008]), the failure to demonstrate a reasonable excuse for the delay will warrant dismissal of the action (*see Rose*, 83 AD3d at 608). The 19-month delay in obtaining letters testamentary and the more than one-year delay in moving to substitute from the time the Surrogate's Court appointed the administrator of the estate in May 2013 cannot be considered reasonable, and the Public Administrator offers only law office failure as an excuse, which is inadequate. Further, the approximately five-month delay attributable to counsel's maternity leave does not explain the eight additional months of delay.

More significantly, it is well established that when faced with a motion to dismiss pursuant to CPLR 1021, a plaintiff in a medical malpractice action must demonstrate the merit of his or her case through the introduction of a physician's affirmation of merit (*see Rose*, 83 AD3d at 608 ["(P)laintiffs failed to submit a physician's affirmation of merit and provided no justification, other than law office failure, for the almost five-year delay in making the motion"]; *Peters*, 48 AD3d at 329 ["By submitting its expert's affidavit of merit and a reasonable explanation for the delay in seeking substitution, decedent's estate showed adequate cause why this medical malpractice action should not have been dismissed for failure to timely move for substitution"]; *Wynter v Our Lady of Mercy Med. Ctr.*, 3 AD3d 376 [1st Dept 2004] ["(T)he merit of the underlying medical malpractice action is adequately established by the pleadings, including plaintiffs' verified bills of particulars and supporting documents, and the physician's affirmation"]). Here, the Public Administrator's failure to submit a physician's affirmation of merit is fatal to its opposition and requires dismissal of the action.

There is no merit to the Public Administrator's contention that the merits of this action can be established by the pleadings. The Court of Appeals has ruled that "except as to matters within the ordinary experience and knowledge of laymen, in a

medical malpractice action, expert medical opinion evidence is required to demonstrate merit" (*Fiore v Galang*, 64 NY2d 999, 1001 [1985]; *see also Mosberg v Elahi*, 80 NY2d 941, 942 [1992]). This Court has followed this precedent (*see e.g. Navarro v Plus Endopothetik*, 105 AD3d 586 [1st Dept 2013]). In *Wynter*, this Court found that the merit of the underlying medical malpractice action was established by the pleadings in conjunction with the physician's affirmation (3 AD3d at 379); contrary to the majority's claim, the pleadings alone would not have sufficed. Rather, the physician's affirmation was a necessary submission to establish the merits of that medical malpractice action. Indeed, this is why our other precedents in medical malpractice actions have affirmed dismissal of the action pursuant to CPLR 1021 when a plaintiff fails to submit a physician's affirmation of merit (*see e.g. Rose*, 83 AD3d 607).

In any event, even assuming the majority is correct that merit can be proved without a physician's affirmation, this case cannot be proved without resorting to expert medical testimony. Indeed, the bill of particulars vaguely alleges, inter alia, that the defendants failed to properly repair Ronald Simpson's knee and negligently placed hardware in his knee and failed to timely remove the hardware. These allegations are completely denied by defendants. Simpson's pleadings fail to set forth evidentiary facts, and are thus, insufficient to demonstrate merit (*see Celnick v Freitag*, 242 AD2d 436, 437 [1st Dept 1997]). Expert testimony is thus necessary to establish specifically how defendants departed from the standard of care in performing the knee surgery.

Moreover, the pleadings and verified bill of particulars are insufficient to show that the action has merit because the complaint is verified "only by counsel, rather than a person with knowledge" (*JPMorgan Chase Bank, N.A. v Clancy*, 117 AD3d 472, 472 [1st Dept 2014]; *see also Beltre v Babu*, 32 AD3d 722, 723 [1st Dept 2006] [noting that "a complaint verified by counsel is purely hearsay, devoid of evidentiary value"]).

Accordingly, I would reverse the order of the Supreme Court, grant defendant's motion to dismiss, and deny the Public Administrator's motion for substitution.