Dugger v Conrad (2020 NY Slip Op 07313)





Dugger v Conrad


2020 NY Slip Op 07313


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 156911/16 Appeal No. 12360 Case No. 2019-2397 

[*1]Adrienne Dugger etc., Plaintiff-Appellant,
v
Barbara Smith Conrad Also Known as Barbara Louis Smith et al., Defendants-Respondents, Wsfs Financial Corporation, Defendant.


Law Offices of Jeffrey A. Asher, PLLC, New York (Jeffrey A. Asher of counsel), for appellant.
d'Arcambal Ousley & Cuyler Burk LLP, New York (Michelle J. d'Arcambal of counsel), for MetLife Bank, N.A MetLife Inc., MetLife Home Loans, LLC, and EverBank Reverse Mortgage LLC, respondents.
Dorf & Nelson LLP, Rye (Jonathan B. Nelson of counsel), for Wilmington Savings Fund Society FSB and Reverse Mortgage Solutions, Inc., respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered February 13, 2019, which granted defendants Wilmington Savings Fund Society, FSB, Christiana Trust, Reverse Mortgage Solutions, Inc., the MetLife defendants and Everbank Reverse Mortgage LLC's motion to dismiss the complaint for failure to substitute a party under CPLR 1021, [*2]unanimously reversed, on the law and as a matter of discretion in the interest of justice, without costs, the complaint reinstated and the matter remanded for further proceedings consistent with this decision.
Patricia Sage and Barbara Conrad, both now deceased, were formerly tenants-in-common of a condominium apartment located in Manhattan. Plaintiff is the preliminary executor for the estate of Sage, in this action to quiet title. Defendant Conrad, who never answered or appeared in this action, passed away on May 22, 2017, thus automatically staying the proceedings. No party has been substituted for her. On or about September 20, 2015, the remaining defendants in this case, various banks and mortgage holders seeking to foreclose on the subject property in a related action, filed a motion to dismiss this complaint for plaintiff's failure to substitute a party.
A motion to substitute a party "may be made by the successors or representatives of a party or by any party" and is to be made within a reasonable time after the death of the party (CPLR 1021). "[I]f the event requiring substitution is the death of a party and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed." (id).
CPLR 1015(a) provides that "[i]f a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties." (emphasis supplied). Moreover, "[i]t is well settled that the death of a party divests the court of jurisdiction to render a judgment until a proper substitution has been made, so that any step taken without it may be deemed void, including an appellate decision" (Nieves v 331 E. 109th St. Corp., 112 AD2d 59, 60 [1st Dept 1985]).
In New York there is a strong public policy favoring the disposition of cases on the merits (Peters v City of N.Y. Health & Hosps. Corp., 48 AD3d 329 [1st Dept 2008]). Here, there was a delay of only approximately 16 months between the date defendant Conrad died and the date co-defendants moved to dismiss, during which time plaintiff contends that she attempted to locate Conrad's family members or interested parties through the nursing home where Conrad resided before her death, without success (cf. Washington v Min Chung Hwan, 20 AD3d 303 [1st Dept 2005] [finding that the trial court should have granted dismissal due to a seven-year delay between the individual's death and the motion for substitution and because the decedent's family showed no interest in the action]). Notably, Conrad was not plaintiff's counsel's former client and it has been difficult to locate any potential representatives. Nor have the defendant banks moved to substitute a representative for Conrad in their foreclosure action against her, although they now allege in that action to have possibly located one of Conrad's distributees.
While plaintiff had not specifically sought to have the public administrator appointed for Conrad's estate, during oral argument on the motion to dismiss, plaintiff's counsel did request an extension of 30 days to allow her time to file such a petition or motion in Surrogate's Court. In light of the relatively short passage of time between Conrad's death and the time defendants' motion was made, the allegation in plaintiff's complaint that the reverse mortgage upon which this case is premised was obtained fraudulently and is null and void, and the fact that the defendant banks had not even moved for substitution in the related foreclosure action, it was an abuse of discretion for the motion court not to allow plaintiff, at a minimum, the additional 30 days requested to seek to have the public administrator appointed so that the case could move forward and be decided on the merits. To the extent the defendant banks plead prejudice in being prevented from enforcing their lien against the property, their argument is undermined by [*3]their own failure to seek to substitute a representative for Conrad in their separate foreclosure action. Once substitution is made and the stay of the action is lifted, defendants will be free to move to dismiss the complaint on the merits pursuant to CPLR 3211.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020