Gaul v Cool Insuring Agency, Inc.
2026 NY Slip Op 03482
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jeffrey B. Gaul, Respondent-Appellant,
v
Cool Insuring Agency, Inc., Appellant-Respondent.

Decided and Entered:June 4, 2026
CV-24-0963
Calendar Date: April 30, 2026
Before: Ceresia, J.P., Fisher, Mcshan And Corcoran, JJ.

Couch White, LLP, Albany (Brendan F. Baynes of counsel), for appellant-respondent.
Jeffrey B. Gaul, Schenectady, respondent-appellant pro se.

[*1]
Ceresia, J.P.
Cross-appeals from an order of the Supreme Court (Roger McDonough, J.), entered April 12, 2024 in Albany County, which, among other things, (1) partially denied defendant's motion for summary judgment dismissing the complaint and (2) denied plaintiff's cross-motion for, among other things, further discovery.
In March 1997, plaintiff and defendant entered into a contract providing that plaintiff would act as an insurance broker, assisting commercial and individual clients in obtaining policies through defendant, an insurance agency, in exchange for half of the gross commissions on all such policies. This agreement could be terminated, for any reason, by either party with 60 days' written notice. Upon termination, plaintiff would be entitled to continue to receive half of the commissions on policies he had already placed with defendant's carriers for the next three years, to be paid on a quarterly basis. The parties operated under this agreement until April 2003, when plaintiff's largest commercial client informed defendant that plaintiff was no longer its broker. Subsequently, in June 2003, defendant sent plaintiff written notice that it was terminating the agreement. In August 2006, defendant mailed plaintiff a check for $1,808.09 for post-termination commissions.
In April 2009, plaintiff commenced this action for breach of contract, unjust enrichment and prima facie tort, alleging that defendant improperly withheld post-termination commission payments due to him. After defendant joined issue, the parties engaged in discovery, but disputes arose. Following the filing of discovery-related motions, Supreme Court issued an order in 2012, among other things, quashing a subpoena duces tecum served by plaintiff and granting defendant a protective order, relieving it from having to respond to plaintiff's duplicative discovery demands. The court issued another order, in 2022, denying plaintiff's motion to compel defendant to provide further discovery. Plaintiff thereafter filed a note of issue, at the court's direction.
Defendant eventually moved for summary judgment dismissing the complaint. Plaintiff opposed and cross-moved for various forms of relief, including permission to amend the complaint to add an additional defendant and a new cause of action, and an order directing defendant to comply with all discovery requests and imposing sanctions. Supreme Court granted defendant's motion with respect to the unjust enrichment and prima facie tort causes of action but denied it as to the breach of contract claim, and denied plaintiff's motion in its entirety. These cross-appeals ensued.
Turning first to defendant's appeal from the partial denial of its summary judgment motion, "it is the movant's initial burden to establish prima facie entitlement to judgment as a matter of law by submitting proof in admissible form demonstrating the absence of any material issues of fact[, and] [o]nly upon such a showing will the burden shift to the opposing party to demonstrate [*2]the existence of a material issue of fact" (Nusbaum v 1455 Wash. Ave., LLC, 240 AD3d 1113, 1114 [3d Dept 2025] [internal quotation marks and citations omitted]; see Amici v Mazza, 234 AD3d 1170, 1172 [3d Dept 2025], lv denied 44 NY3d 902 [2025]; Yeshiva Gedolah Zichron Moshe v Church Mut. Ins. Co., 233 AD3d 1220, 1222 [3d Dept 2024]). "[T]o recover for a breach of contract, a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach" (Sandman v City of Ithaca, 237 AD3d 1392, 1393 [3d Dept 2025] [internal quotation marks and citations omitted]; see Chase v Leidner, 243 AD3d 976, 977 [3d Dept 2025]; Liberty Mut. Ins. Co. v PMI Newco, LLC, 225 AD3d 941, 942-943 [3d Dept 2024]).
In support of its summary judgment motion, defendant submitted, among other things, an affidavit by its president stating that the 2006 check that was provided to plaintiff in the amount of $1,808.09 accounted for all commissions owed to plaintiff following termination of the agreement. Attached to the president's affidavit were financial documents which, according to the president, show the lines of insurance placed through defendant by plaintiff, and plaintiff's corresponding commission shares. These documents, consisting largely of a mix of spreadsheets numbering well over a hundred pages, are not paginated, contain duplicates, bear handwritten crossouts and notations from unknown individuals and, in many cases, are comprised only of columns of numbers and codes with no indication as to their meaning.
Even assuming arguendo that these records constitute competent proof (see CPLR 4518 [a]; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 585 [2d Dept 2017]; JPMorgan Chase Bank, N.A. v Clancy, 117 AD3d 472, 472 [1st Dept 2014]; Spodek v Feibusch, 267 AD2d 299, 300 [2d Dept 1999]), defendant failed to demonstrate how the records support its position that it paid plaintiff all the post-termination commissions to which he was entitled (see Citibank, N.A. v Villano, 140 AD3d 553, 554 [1st Dept 2016]; JPMorgan Chase Bank, N.A. v Clancy, 117 AD3d at 473; see generally State of New York v Herschowsky, 124 AD2d 338, 338 [3d Dept 1986]). That is, the records which are not easily decipherable do not readily reveal how the figure of $1,808.09 was arrived at, nor do they establish that this figure actually represents the total commissions owed to plaintiff. Based on the foregoing, Supreme Court appropriately determined that defendant failed to meet its burden of demonstrating entitlement to judgment dismissing plaintiff's breach of contract claim (see Gorelik v K & G Gekon, Inc., 188 AD3d 1010, 1012 [2d Dept 2020]; Palmatier v Mr. Heater Corp., 163 AD3d 1192, 1196 [3d Dept 2018]; cf. EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d 1720, 1723-1724 [3d Dept 2020]; compare Chase v Leidner, 243 AD3d at 977).
As for plaintiff's motion to compel discovery[*3], the proponent of such a motion "bears the burden of proving that the discovery request is reasonably calculated to yield material and necessary information" (Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 813 [3d Dept 2021]; see Kruglov v Copart of Conn., Inc., CT, 240 AD3d 969, 970 [3d Dept 2025]). "Supreme Court is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion" (Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d at 813 [internal quotation marks and citations omitted]; accord Adelaar Dev., LLC v ADCI Professional Corp., S.C., 244 AD3d 1440, 1441 [3d Dept 2025]).
Initially, we disagree with defendant that plaintiff's filing of the note of issue at Supreme Court's direction waived his right to seek further discovery, inasmuch as plaintiff indicated in his certificate of compliance that discovery was not yet complete at the time (see Martinez v New York City Tr. Auth., 203 AD3d 87, 93 [3d Dept 2022]). Nevertheless, we find that Supreme Court properly denied plaintiff's motion to compel discovery given that the documents sought were either previously produced or fell within the scope of the court's 2012 protective order or the 2022 order denying his previous motion to compel (see Cathers v Barnes, 8 AD3d 215, 216 [1st Dept 2004]). To the extent that plaintiff takes issue with those orders, he failed to appeal from them (see Isufi v ProMetal Constr, Inc., 211 AD3d 580, 580 [1st Dept 2022]; Home Equity Mtge. Trust Series 2006-1 v DLJ Mtge. Capital, Inc., 175 AD3d 1175, 1176 [1st Dept 2019]; Matter of DiPace v Figueroa, 223 AD2d 949, 951 [3d Dept 1996]).
Regarding plaintiff's application to amend the complaint to add a cause of action for fraud, this was also appropriately denied. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave to amend a pleading, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lavelle-Tomko v Aswad & Ingraham, 191 AD3d 1142, 1147 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). Here, the proposed amended complaint alleged certain elements of fraud namely, intent to induce reliance, justifiable reliance and damages only in conclusory fashion without supplying the necessary particularity (see CPLR 3016 [b]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Breton v Dishi, 234 AD3d 432, 432-433 [1st Dept 2025]; Trystate Mech., Inc. v Macy's Retail Holdings, Inc., 94 AD3d 1097, 1098 [2d Dept 2012]). Further, such a claim is patently devoid of merit, insofar as the record makes clear that plaintiff was not induced to rely upon any purported fraudulent conduct by defendant, nor was he damaged as a result thereof (see Breton v Dishi, 234 AD3d at 432-433). Similarly, Supreme Court providently declined to allow plaintiff to [*4]add as a defendant the successor corporation that purchased a portion of defendant's assets following commencement of this action, as plaintiff failed to demonstrate any basis for successor liability (see Schumacher v Richards Shear Co., 59 NY2d 239, 244-245 [1983]; Jaliman v D.H. Blair & Co. Inc., 105 AD3d 646, 648 [1st Dept 2013]). To the extent not expressly addressed herein, plaintiff's remaining contentions have been reviewed and found to be lacking in merit.
Fisher, McShan and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.